## JAMES M. ROLLINS, Respondent, v. CHRIS SCHAWACKER, Appellant.

**St. Louis Court of Appeals, December 30, 1910.**

1. **CONTRACTS: Consideration: Prior Legal Obligation.** Although a promisor was under a prior legal obligation to perform the thing he agreed to perform in a later contract, if the later contract was more detrimental to him than the prior one, or put him under a broader obligation, the later contract is supported by a sufficient consideration.

2. **ATTORNEY AND CLIENT: Contract for Services: Sufficiency of Consideration: Facts Stated.** An attorney engaged to defend a person under indictment, who had fled while out on bail, was also engaged by the bondsman to produce the fugitive in court and to prevent enforcement of liability on the bail bond. The attorney prevailed on the fugitive to return, produced him in court, and had the forfeiture of the bond set aside. *Held*, that whether or not the attorney was acting under his previous employment in prevailing upon the fugitive to return and in producing him in court, the procuring of the forfeiture of the bond to be set aside was not within the scope of his previous employment and was a sufficient consideration to support the contract, entitling him to recover the stipulated compensation.

3. **EVIDENCE: Secondary Evidence: Notice to Produce Document Need Not be Renewed: Trial Practice.** Where plaintiff gave defendant, at a term previous to that at which the case was tried, notice to produce a receipt given by plaintiff to defendant at the day set for trial at such term, or at such time as the cause might be tried, the cause having been continued from term to term, the notice was sufficient to entitle plaintiff to give secondary evidence of its contents, on failure to produce, without a renewal of the notice.

4. ————: ————: **Destruction of Original.** Where an original document is shown to have been destroyed while in the hands of defendant, secondary evidence of its contents may be given by plaintiff without giving defendant notice to produce the original.

5. **TRIAL PRACTICE: Remarks of Court: Harmless Error: Appellate Practice.** A remark by the court, in overruling an objection, that the objection was technical, was, at most, harmless error.

Rollins v. Schawacker.

6. **DEPOSITION: Admissibility in Evidence: Absence of Deponent: Evidence.** Where it is shown that a witness is a traveler, very slight evidence is sufficient to establish his absence from the jurisdiction, and testimony of a witness that he inquired at the residence of the deposing witness and was informed he was in another city was sufficient, in the absence of any countervailing testimony, to admit the deposition, and evidence of the occupation of the deposing witness and that he was at a place where his occupation would require him to be was sufficient to justify the trial court in assuming, for the purpose of admitting his deposition, that he was absent in the course of his business and not by the consent, connivance or collusion of the party offering his deposition.

7. **INSTRUCTIONS: Singling Out Evidence: Attorney and Client: Action for Services.** In an action by an attorney against a client for alleged services, an instruction directing the jury to find for plaintiff if they believed from the evidence that he had been consulted by defendant and requested by him to do certain things and that plaintiff had rendered the services referred to in his testimony, was not erroneous, as the reference to plaintiff's testimony was merely a method of identifying that element of his evidence and had no tendency to attach undue importance thereto nor to disparage the testimony of defendant's witnesses.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Willis H. Clark* for appellant.

(1)    The trial court erred in refusing to give to the jury the instructions requested by defendant in the nature of demurrers to the evidence. Lingenfelder v. Brewery Co., 103 Mo. 578; Storck v. Mesker, 55 Mo. App. 26; Tucker v. Barth, 85 Mo. 114; Orr v. Sandford, 74 Mo. App. 187; Peck v. Harris, 57 Mo. App. 467; Railroad v. Morley, 45 Mo. App. 304; Swaggard v. Hancock, 25 Mo. App. 596; Ashby v. Dillon, 19 Mo. 619. (2)    The court erred in admitting testimony as to the contents of the alleged receipt claimed by plaintiff to have been given by him to defendant at the office of

plaintiff. Coffman v. Fire Ins. Co., 57 Mo. App. 647; Shechan v. Southern Ins. Co., 53 Mo. App. 351; State v. Barnett, 100 Mo. App. 592; State v. Lentz, 184 Mo. 223; Matthews v. Railroad, 66 Mo. App. 663; Chemical Co. v. Nichells, 66 Mo. App. 678; Bank v. Louergan's Admx., 21 Mo. 46. (3) The remark of the court, in the presence of the jury, characterizing an objection made by counsel for defendant as "technical," was prejudicial error. State v. Turner, 125 Mo. App. 21; Rose v. Kansas. City, 125 Mo. App. 231; Levels v. Railroad, 196 Mo. 606; State ex rel. v. Rubber Co., 149 Mo. 181; In re Imboden's Estate, 128 Mc. App. 555. (4) The trial court erred in admitting the deposition of the witness Stewart without proper foundation for its admission in evidence. O'Keefe v. Railroad, 124 Mo. App. 613; Carpenter v. Lippitt, 77 Mo. 242; Hollfield v. Black, 20 Mo. App. 328. (5) The instruction numbered 1 given by the court, at the instance of plaintiff, was erroneous and misleading to the jury. Forrester v. Moore, 77 Mo. 651; Hughes v. Rader, 183 Mo. 630; Shanahan v. St. Louis Transit Co., 109 Mo. App. 228; Swink v. Anthony, 96 Mo. App. 420. (6) The verdict was clearly for the wrong party and contrary to the law and the evidence. Pickens v. Railroad, 125 Mo. App. 669.

*Schnurmacher & Rassieur*, for respondent, filed argument.

CAULFIELD, J.—Plaintiff sued defendant in a. justice court of the city of St. Louis, to recover $150, the balance unpaid of $250, which he claimed was the reasonable value of legal services rendered to defendant at the latter's special instance and request. The defendant filed a counterclaim for $100 alleged to have been deposited by him with the plaintiff for a certain purpose and not used for that purpose. Upon a trial in the circuit court the plaintiff had judgment for the-

amount sued for with interest, and against defendant upon the counterclaim.

After unsuccessfully moving for new trial and in arrest, defendant has duly prosecuted his appeal to this court. The evidence on behalf of the plaintiff tended to prove that the defendant was surety upon the bail bond in the sum of $800 of one Kronzberg, charged with assault with intent to kill; that Kronzberg had fled to Europe; that the bond had been forfeited and an execution might be issued at any time. That he employed the plaintiff to do what he could to get Kronzberg back and have the forfeiture set aside so that plaintiff would not have to pay the $800 and costs, and agreed to pay plaintiff $250 for his services in that behalf. That defendant paid plaintiff $100 and plaintiff gave him a receipt which stated the terms of the employment and of which plaintiff kept no copy. Plaintiff was his own sole witness as to what service he rendered. He testified that in pursuance of his employment he had several consultations with defendant, attended court several times, twice had the court stay execution to give him a chance to get Kronzberg back; got the address of Kronzberg and wrote to him in Liverpool, England; that Kronzberg came back and plaintiff produced him in court and moved the court to set aside the bond forfeiture, which the court did. It developed in the examination of plaintiff as a witness that at the time defendant employed him he had already been employed by Kronzberg's brother and was to be paid by him to defend Kronzberg against the charge on account of which the bond was given, but he stated that at the time he was employed by plaintiff he told plaintiff of his existing employment to defend Kronzberg. Defendant introduced evidence tending to contradict that offered by plaintiff and tending to prove that the $100 was deposited with plaintiff to cover only the expense of bringing Kronzberg back and was not used for that purpose.

I.   Defendant first assigns as error the action of the court in refusing to give an instruction in the nature of demurrer to the evidence.   His theory is, that plaintiff had already been employed to defend Kronzberg and he could not do so "unless Kronzberg appeared in court to be defended;" that "it was a part of plaintiff's employment and duty as attorney for Kronzberg to see that Kronzberg appeared in court and submitted himself to its jurisdiction.   Hence any contract on the part of plaintiff, made after he had been so employed and paid to defend Kronzberg, to do anything which his existing contract and employment with the Kronzberg people contemplated and required, was without consideration on his part and plaintiff cannot enforce it."

It is not necessary for us to pass on the question of whether a promise to do what the promisor is already under a legal obligation to do by virtue of a prior contract between him and a third party is a valuable consideration for an undertaking by the promisee to compensate him for doing the thing agreed.   However that question may be decided, we feel justified in holding that if the agreement in suit was more detrimental to plaintiff than the agreement with Kronzberg's brother was, or put him under a broader obligation, there was a consideration for defendant's undertaking to compensate him.   [Pollock, Contracts, (7 Ed.), p. 185; Hoffman v. Cold Storage Co., 120 Mo. App. 661, 667, 97 S. W. 619.]   In addition to securing the return of the fugitive Kronzberg and his appearance in court, the plaintiff was to render service as attorney for the defendant in having the bond forfeiture set aside and defendant relieved from liability.   This additional service was not in any wise within the scope of plantiff's employment to defend Kronzberg in the criminal prosecution.   The demurrer to the evidence was properly overruled.

II.   Defendant next assigns as error the action of
the court in permitting the plaintiff to introduce parol
evidence of the contents of the receipt given by him to
the defendant.   The record discloses that the cause had
been originally set down for trial on May 22, 1907, and
plaintiff had given defendant notice to produce the re-
ceipt on that day or at such time as the case might be
tried.   The cause was continued from term to term un-
til February 8, 1909, on which day it was tried.   De-
fendant contends that the notice should have been re-
newed for the time when the trial was actually had.
The cases, such as have been called to our attention,
seem to hold contrary to defendant's contention.   [Gil-
more v. Wale, Anthon's N. P. Reports (N. Y.) 87; Wil-
son v. Gale, 4 Wend (N. Y.) 623; Jackson v. Shear-
man, 6 Johns (N. Y.) 18.]   But there is another rea-
son for upholding the action of the trial court.   The
defendant testified that the receipt had been destroyed
by fire.   A notice then was useless and unnecessary.   Sec-
ondary evidence was proper without it.

III.   In the overruling of the objection to the ad-
mission of secondary evidence of the contents of the
receipt the following occurred:

"The Court:   Your objection is technical; it will
be overruled.

"Judge Clark:   I think the remark of the court is
improper in designating the objection as technical, be-
cause the rule of law is a litigant is entitled to make his
objections, whether technical or not.

"The Court:   I appreciate that, Judge Clark, and
gave you my reason for overruling the objection.   Some-
times it is satisfactory to the attorney to know the rea
son.

"Judge Clark:   I will except to the ruling and the
remarks of the court."

The defendant assigns as error the remark of the court designating his objection as technical. We are unable to see how defendant's cause was damaged by such a remark. It was certainly not reversible error.

IV.   Defendant assigns as error the action of the trial court in overruling his objection to the reading in evidence of the deposition of one J. W. Stewart.   The deposing witness Stewart stated that he was a Pullman car porter and had been such for eight years.   That he had a run from St. Louis into Old Mexico City.   The plaintiff in his testimony stated that Stewart was a Pullman car porter and then in California. That he had not seen him in six weeks; that he had written a letter to him and had gone to his house and ascertained that he was in Los Angeles.

Where it is shown that the witness is a traveler, as has been shown here, very slight evidence is sufficient to establish his absence from the jurisdiction.   In our judgment the testimony of the plaintiff that he inquired at the residence of the witness and was informed that he was in Los Angeles was sufficient, in the absence of any countervailing evidence. [Renton v. Monnier, 77 Cal. 449.] Also  that the evidence of the occupation of this witness when coupled with the evidence of his being at a place which lay in the line of his usual run was sufficient to justify the trial court in assuming for the purpose of admitting his deposition that he was absent in the course of his business and therefore not by the consent, connivance or collusion of the plaintiff.

V.   We are also unable to agree with defendant that the court erred in instructing the jury at the instance of plaintiff as follows:

"1.   If you find and believe from the evidence that plaintiff is and between the 7th day of April, 1906, and the 1st day of June, 1906, was a licensed attorney at law, and was practicing his profession in this city; that

on or about the 7th day of April, 1906, defendant consulted with plaintiff and requested plaintiff, in his behalf, to take such steps as might be necessary to relieve him from whatever liability he might be under, upon the bail bond of one Harry Kronzberg, in an action entitled State of Missouri v. Harry Kronzberg, in Division 10 of this court, and that thereupon and thereafter, and between said 7th day of April, 1906, and the 1st day of June, 1906, plaintiff rendered the services referred to in his testimony, then you will return your verdict in favor of the plaintiff on his cause of action.

"2. If you find in favor of the plaintiff, under the evidence and other instructions in the cause, then you will assess his damages at such an amount as you may find and believe from the evidence was the reasonable value of the services rendered by plaintiff, deducting therefrom whatever amount, if any, you may find and believe from the evidence plaintiff received on account of such services from defendant."

Instruction No. 3 was as to the allowance of interest.

Defendant's point is directed at the first instruction. His counsel argues that the reference to the "services referred to in his (the plaintiff's) testimony," gave to the jury a plain inference that in considering what, if any, services were rendered by the plaintiff "they might have reference solely to the testimony of the plaintiff and might leave out of consideration all the contradicting and impeaching testimony." This position of defendant is untenable. By the instruction the court told the jury that if they found and believed from the evidence (meaning of course all the evidence in the case) that the plaintiff had "rendered the services referred to in his testimony," then, etc. The language in which the instruction was drawn, in so far as it alluded to the "services referred to in his testimony," was merely a method of identifying that element of the plaintiff's evidence. It had no tendency to attach undue im-

portance to the testimony of plaintiff nor to disparage the testimony of the witnesses produced by defendant.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.