[No. 11344. In Bank. — December 8, 1888.]

RENTON, HOLMES, AND COMPANY, APPELLANTS, *v.* GEORGE MONNIER, RESPONDENT.

NOTICE OF ASSIGNMENT OF BUILDING CONTRACT—PAYMENT TO ASSIGNOR. — When money is paid under a building contract to the original contractor, before notice of a previous assignment of the contract, the assignee cannot recover the sum so paid from the owner of the building.

ID. — SUFFICIENCY OF NOTICE OF ASSIGNMENT — QUESTION OF FACT. — When a notice of an assignment of a contract, written in the English language, is given to one who does not read or write English, the notice, in order to be effectual, must be sufficient, precise, and complete enough to put the defendant fully on his guard as to the fact of such assignment, and to make him understand it. Whether notice was given or not, and if given, whether the defendant understood it, and it was sufficient to put a prudent man upon inquiry, are questions of fact..

LXXVII. CAL.—29

ID. — PRINCIPAL AND AGENT — AUTHORITY OF AGENT — ARCHITECT. — An agent has such authority as the principal actually or ostensibly confers upon him. When the authority of an architect is specially conferred in a written contract for a building, he is not authorized to receive notice of an assignment of the building contract, so as to bind the owner of the building by such notice, if such authority is not expressly conferred.

ID. — NOTICE TO AGENT. — While notice to an agent of facts arising from or connected with the subject-matter of the agency, if given while he is concerned for the principal, and in the course of the very transaction, is constructive notice to the principal, yet notice to an agent of facts not so arising or connected is not notice to the principal, unless actually communicated to him.

ASSIGNMENT — PAROL EVIDENCE. — Parol evidence is admissible to explain the circumstance under which an assignment was made, and to show its object.

NOTICE OF ASSIGNMENT — DELAY — RELEVANCY OF EVIDENCE. — Evidence which tends to show that the assignees had such confidence in the assignor that they may have delayed to give notice of the assignment until after payment to the assignor, is relevant and admissible.

APPEAL — OBJECTIONS TO EVIDENCE. — Evidence volunteered in the court below, without objection, cannot be objected to on appeal.

ID. — ERROR HOW CURED. — The erroneous admission of evidence may be cured by a subsequent instruction, given at the request of the appellant, countervailing its effect.

INSTRUCTIONS. — Where the evidence conflicts, each party is entitled to have the law given to the jury which is applicable to his theory of the case, and the testimony of his witnesses.

DEPOSITION — ABSENCE OF WITNESS FROM STATE. — The showing that a witness is out of the state is sufficient to admit his deposition, if it appears that, in answer to inquiries made at his former place of business, and of others who knew him, it was said they did not know where he was, but understood that he was out of the state.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The principal facts are stated in the opinion. As a foundation for the admission of the deposition of Valentine H. Harding, the evidence showed such inquiries and answers as are stated in the last *syllabus* above.

*W. H. H. Hart,* and *William H. Fifield,* for Appellants.

Notice to an agent of facts arising from a connection with the subject-matter of the agency is notice to the

principal. (Civ. Code, sec. 2332; *Bierce* v. *Red Bluff Hotel Co.,* 31 Cal. 161; *Donald* v. *Beals,* 57 Cal. 405; *The Distilled Spirits,* 11 Wall. 364; *Memphis and Kansas R. R. Co.* v. *Koch,* 28 Kan. 565; *Lakin* v. *Sierra Buttes G. M. Co.,* 11 Saw. 231; *Dickerson* v. *Bowers,* 42 N. J. Eq. 295; Wade on Law of Notice, secs. 31–33, 672, 673, 685, 687, 688.) It matters not whether the subject-matter of the agency is special or general. (Wade on Law of Notice, sec. 674.) The instruction that the defendant should have understood the notice was erroneous. (*Perkins* v. *Eckert,* 55 Cal. 404.) Notice need not be full or complete; but is sufficient if it puts a prudent man on inquiry. (Wade on Law of Notice, secs. 438, 439, 449, 685; *Lemay* v. *Poupenez,* 35 Mo. 75; *Hamilton* v. *Marks,* 52 Mo. 78; *Tritt's Administrator* v. *Colwell's Administrator,* 31 Pa. St. 234; *Guthrie* v. *Bashline,* 25 Pa. St. 80; *Donald* v. *Beals,* 57 Cal. 399; *Lawton* v. *Gordon,* 37 Cal. 202; *O'Rourke* v. *O'Connor,* 39 Cal. 442; *Hayes* v. *Campbell,* 63 Cal. 143; 36 Am. Rep. 43; *Duff* v. *Duff,* 71 Cal. 513–534; *Maupin* v. *Emmons,* 47 Mo. 304; *Anderson* v. *Van Alen,* 12 Johns. 343; *Janvrin* v. *Janvrin,* 60 N. H. 169; *Crawford* v. *C. B. & Q. R. Co.,* 112 Ill. 314.) An instruction given upon a particular theory of part of the evidence must be hypothetical. An instruction or modification laying down a general rule, which is too broad, cannot be justified as predicated upon a particular theory. (*Lemay* v. *Poupenez,* 35 Mo. 75; *People* v. *Westlake,* 62 Cal. 304.)

*Gordon & Young,* for Respondents.

The authority of an agent given by writing must be determined from the instrument. (*Delafield* v. *State of Illinois,* 26 Wend. 192, 222.) Special agent does not bind his principal when he exceeds the special and limited authority conferred upon him. (*Rossiter* v. *Rossiter,* 8 Wend. 494; 24 Am. Dec. 65; *Andrews* v. *Kneiland,* 32 Vt. 316; *Hatch* v. *Taylor,* 10 N. H. 538; *Flanagan* v.

*Brown*, 70 Cal. 254.) The question of sufficiency of notice must be considered in relation to the facts of the particular case to which it is applied.

Belcher, C. C.—It appears from the record in this case that on the fourteenth day of April, 1882, the defendant entered into a written contract with one Valentine H. Harding, to construct for him a building on Howard Street, in the city of San Francisco, for the sum of $8,957, to be paid in installments as the work progressed, and the first payment of $1,000 to be made when the frame was up to the second-story floor, including the second-story-floor joists and frame of sidewalk.

It was provided that the building should be constructed "according and conformable to the drawings and specifications made by William Mooser, architect," and "in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the said William Mooser, the duly authorized architect, to be testified by a writing or certificate" under his hand.

The payments were to be made by defendant to Harding, his executors, administrators, or assigns, "provided that in each case a certificate be obtained and signed by the said William Mooser, architect, that said works have been done in the most substantial and faithful workmanlike manner, to the approval and full satisfaction of said architect."

On the 15th of April, 1882, Harding assigned to the plaintiffs the several payments to be made to him under the contract, by a written assignment, which directed the architect to deliver to plaintiffs the certificates, and directed the defendant to pay to plaintiffs the several payments as they should fall due.

The contractor commenced his work, and the first payment of one thousand dollars became due on the 29th of April, 1882. On that day the architect gave his certificate to Harding, and the defendant paid him the one

thousand dollars, and subsequently refused to again pay the money to the plaintiffs.

The plaintiffs claimed that defendant had notice of the assignment, and wrongfully paid the one thousand dollars to Harding, and they brought this action to recover the same.

The case was tried by a jury, and the verdict and judgment were in favor of defendant. The plaintiffs moved for a new trial, which was denied, and then appealed from the judgment and order.

The principal question is, Did the defendant have notice of the assignment before he paid the money? If he did, the plaintiffs were entitled to recover, and if not, they could not maintain their action.

It was proved that notice of the assignment was given to the architect on or about the 21st of April, and it is claimed for the appellants that this was constructive notice to the defendant, and conclusively settled the question. Whether this claim is well founded or not depends upon the extent and character of the architect's agency. The rule is well settled "that notice to an agent of facts arising from or connected with the subject-matter of the agency, is constructive notice to the principal, when the notice comes to the agent while he is concerned for the principal and in the course of the very transaction." (*Bierce* v. *Red Bluff Hotel Co.*, 31 Cal. 165.) But notice to an agent of facts not arising from or connected with the subject-matter of his agency is not notice to the principal, unless actually communicated to him.

Agencies are general or special, and an agent has such authority as the principal actually or ostensibly confers upon him. (Civ. Code, sec. 2315.) In this case it is not claimed that the architect had any other authority than that expressly conferred upon him by the written contract for the construction of the building. That authority was: 1. To see that the building was constructed according to the drawings and specifications, in a good,

workmanlike, and substantial manner, and to testify in writing to that effect; 2. As the work progressed and payments became due, to sign and issue certificates that the work had been done in the most substantial and faithful workmanlike manner, to his approval and full satisfaction; 3. To decide any dispute which might arise respecting the true construction or meaning of the drawings or specifications.

The foregoing are all the powers delegated to the architect, and as to these powers the plaintiffs were fully advised.

The defendant reserved to himself the duty of making the payments, and it was a matter that in no way concerned the architect when or to whom the payments should be made. This being so, we are unable to see how it can be said that the assignment was a fact "arising from or connected with the subject-matter of the agency"; and in our opinion, the instruction requested by the defendant upon this subject stated the law correctly, and was properly given to the jury.

It was claimed by the plaintiffs at the trial that defendant had actual notice of the assignment before he paid the money, and in support of this claim one Bibb was called as a witness, and testified that he was the agent of plaintiffs, and that on the 25th of April he went to the defendant's saloon and exhibited and read to him the written assignment. On the other hand, it was claimed by defendant that no notice of the assignment was given or attempted to be given to him until the first day of May; and in support of this claim defendant was called as a witness, and testified that at the time he paid the money to Harding, neither Bibb nor any one else had informed him that the payments had been assigned, and that Bibb did not call upon him and exhibit the written assignment until the first day of May; that when Bibb called, he exhibited a paper and asked witness to sign it, and he declined to do so; that

he was a Frenchman, and did not read or write English or understand what the paper meant, and so informed Bibb at the time; that he asked Bibb to come back when his clerk was in, and Bibb then went away.

At the conclusion of the testimony, the court, at the request of plaintiffs, instructed the jury that if the defendant had notice of the assignment to plaintiffs before or at the time he paid the one thousand dollars to Harding, then the verdict should be in their favor; and that a verbal notice of the assignment was all the law required. Afterward an instruction, reading as follows, was given for defendant: "The defendant in this action is not liable to plaintiffs, if you find from the evidence that, at the time he paid the said sum of one thousand dollars, involved in this action, to Valentine H. Harding, he had no notice that said Harding had assigned such payment to the plaintiffs. And notice given, in order to be effectual, should be sufficient, precise, and complete enough to put the defendant fully on his guard as to the fact of such assignment, and he should have understood it."

It is argued for appellants that the last part of this instruction was misleading and erroneous, because it in effect told the jury that notice of the assignment would be ineffectual unless the defendant *understood* it, and it was sufficient to put him *fully* on his guard, thereby withdrawing from the jury the full consideration of the evidence upon the issues on which they were to pass. And in support of this position counsel cite *Perkins* v. *Eckert*, 55 Cal. 404.

But it should be observed that each party to a lawsuit is entitled to have the law given to the jury which is applicable to his theory of the case and the testimony of his own witnesses. The court acted upon this rule, and gave to the jury all of the instructions asked by the plaintiffs. The defendant's theory was, that no notice of the assignment was given, or attempted to be given, to him until after he paid the money to Harding, and there

being a sharp conflict of the evidence upon this question, that if notice was given it was ineffectual, because he did not understand it or know what it meant. Now, whether notice was given or not, and if given, whether defendant understood it, and it was sufficient to put him on his guard, or, in the language of the code, to put a prudent man upon inquiry (Civ. Code, sec. 19), were questions of fact for the jury, and the instruction was evidently given to meet the defendant's theory of the case. Possibly the part of the instruction complained of might have been more happily written; but the question is, Was it applicable to the facts proved by the defendant? and did it state correct propositions of law?

Suppose a similar notice should be given to one who neither reads, writes, speaks, nor understands the English language, would the notice be effectual, and an instruction like that given here be erroneous? Evidently not. And yet we fail to see how the fact that defendant understood and spoke the English language to a limited extent can make any difference. If he did not understand what was read or said to him by the plaintiffs' agent, and so informed the agent at the time, then the latter should have left with him a copy of the assignment, or should have returned for further explanation when the defendant's clerk was in. The case of *Perkins* v. *Eckert, supra,* is not in point. In that case the question was, whether a bill of sale was an absolute one, or was given as security, and an instruction was given, which in effect told the jury that if plaintiffs understood it to be taken as security, and the defendants did not so understand it, they must find it to be an absolute sale. The instruction was held by this court to be erroneous because it "withdrew from the jury the full consideration of the evidence upon the issue on which they were to pass."

In our opinion, under all the circumstances shown, the instruction stated the law correctly, and was properly given to the jury.

When C. S. Holmes, one of the plaintiffs, was upon the witness-stand, counsel for defendant asked him, "What was the object and purpose of this assignment to you?" The question was objected to on the ground that it was immaterial and irrelevant, and that the terms of a written instrument could not be varied by parol testimony. Counsel for defendant replied that they did not wish to vary the terms of the instrument, but to show all the facts and circumstances surrounding the transaction. The court then overruled the objection, and the witness answered that the contractor was a stranger to him and he had procured bondsmen for him, and did not want the money to go into his hands; that the assignment was made to secure his firm as against the bond, and everything pertaining to the construction of the building. And he added that his firm advanced to Harding $165 before he received payment of the $1,000, and that Harding repaid the money on the 2d of May. We see no error in the ruling. A contract may be explained by reference to the circumstances under which it was made (Civ. Code, sec. 1647), and the testimony had some tendency to show that plaintiffs had such confidence in Harding that they may not have attempted to give notice of the assignment to defendant until the time named by him.

There is nothing in the next point made, that the court erred in permitting defendant's counsel to show that Harding borrowed money from the plaintiffs and repaid it. Holmes testified to the borrowing and repayment of the money without being asked to do so, and without objection from either side.

If it was error to admit in evidence the letter written by Holmes to Harding on the 16th of May, 1882, in reference to the disposition of all moneys which might come into plaintiffs' hands under the assignment, the error was cured by instruction No. 3, which was given to the jury at the request of the plaintiffs.

The last point made by appellants is, that the court erred in allowing counsel for defendant to read in evidence the deposition of Valentine H. Harding, because there was no sufficient showing that he was out of the jurisdiction of the court. The showing that Harding was out of the state probably might have been made somewhat fuller and more conclusive, but we think it sufficient to admit his deposition.

After carefully going over the whole record, we find nothing calling for a reversal of the judgment, and therefore advise that the judgment and order denying a new trial be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order denying a new trial are affirmed.

Rehearing denied.