[No. 19455.    Department Two.—July 3, 1895.]
JOHN W. CRAIG ET AL., APPELLANTS, v. HESPERIA LAND AND WATER COMPANY, RESPONDENT.

APPEAL—REVIEW OF NONSUIT—EXCEPTION—SPECIFICATION.—The ruling of the trial court upon a nonsuit presents a question of law, and, as such, must be both excepted to and specified as an error at law occurring at the trial and excepted to by the appellant; and the exception must appear in the stating or substantive part of the bill of exceptions or statement, and it is not sufficient that it be stated or referred to merely in the assignment of errors relied upon.

APPEAL from a judgment of the Superior Court of Los Angeles County.

Willis & Call, and H. A. Barclay, for Appellants.

Graves, O'Melveny & Shankland, for Respondent.

McFARLAND, J.—The court below granted a nonsuit, and judgment for defendant followed. Plaintiffs appeal, or have undertaken to appeal, from the judgment and from an order denying a new trial. Respondent has submitted a motion to dismiss the appeal on several grounds; but, under our views of the case, it is unnecessary to pass upon that motion.

The main attack of appellants is upon the order granting the nonsuit. The only specification under the head of "errors of law occurring at the trial and excepted to by the appellants" is that "the court erred in granting defendant's motion for a nonsuit." But the record shows no exception taken to the order granting the motion for a nonsuit, and therefore that order cannot be here reviewed. The ruling of a trial court upon a motion for a nonsuit presents a question of law, and, as such, must be both excepted to and specified. (Malone v. Beardsley, 92 Cal. 150; Warner v. Darrow, 91 Cal. 309; Flashner v. Waldron, 86 Cal. 211; Schroeder v. Schmidt, 74 Cal. 459; Cravens v. Dewey, 13 Cal. 40.) And the exception must appear in the stating or substantive part of the bill of exceptions or statement; it is not sufficient that it be

referred to in the assignment of the errors relied on, which counsel for appellants annex to bills of exception after the trial.   The bill must show that the ruling thus assigned as error actually took place at the trial and was excepted to.   (*Braverman* v. *Fresno etc. Co.*, 101 Cal. 644; *People* v. *Faulke,* 96 Cal. 17.)

We think that the demurrer to the answer was properly overruled, and there are no other points to be discussed.

Judgment and order affirmed.

HENSHAW, J., and TEMPLE, J., concurred.