[Civ. No. 927. First Appellate District.—March 8, 1912.]

## T. C. TOGNAZZINI, Appellant, v. ISAAC FREEMAN and ROSE FREEMAN, Respondents.

ACTION FOR DAMAGES—COLLISION OF AUTOMOBILES—COMPLAINT FOR INTENTIONAL AND WILLFUL ACT—PREJUDICIAL INSTRUCTION—BURDEN OF PROVING NEGLIGENCE.—In an action for damages for a collision between plaintiff's and defendants' automobiles, where the complaint of the plaintiff alleged only that the defendants intentionally and willfully ran their automobile upon and against the automobile of the plaintiff, to his alleged damage, and contained no averment as to any act of negligence of the defendants, it was prejudicial error to instruct the jury that the plaintiff's cause of action is based upon the carelessness and negligence of the defendants and that the burden is upon the plaintiff to prove that the alleged damages to his automobile were solely caused by the carelessness and negligence of the defendants.

Id.—Proof of Negligence not Authorizing Recovery—Fatal Variance.—Under the facts stated in the complaint, no recovery could be had for mere negligence; and if the evidence offered upon the trial in support of the plaintiff's case should show negligence only, there would be a fatal variance between the material allegations of the complaint and the proof.

Id.—Right of Plaintiff to Instruction upon Theory of Complaint. The complaint in every action should be founded upon a theory, and the plaintiff is entitled to have the jury instructed by the trial court upon the law applicable to the theory upon which the cause of action is founded.

Id.—Erroneous Instruction not Cured by Correct Instruction—Irreconcilable Conflict.—The erroneous instruction is not cured by a correct instruction that a person committing a willful, wrongful act must respond in damages, and that if the jury found from the evidence that the defendants willfully and deliberately caused the collision in question, their verdict must be for plaintiff. There is such an irreconcilable conflict between this instruction and the one limiting the cause of action to negligence, that it is impossible to determine which of the two conflicting theories was followed by the jury; and the erroneous instruction must be deemed prejudicial, notwithstanding the correct conflicting instruction.

Id.—Distinction Between "Negligence" and "Willfulness."—Ordinarily, and likewise in the law, as sustained by the great weight of authority, there is a decided and well-defined distinction between mere "negligence" and "willfulness." Negligence is opposed to diligence and signifies the absence of care. It is negative in its nature, implying a failure of duty. The moment a person wills to do an injury, he ceases to be negligent.

Id.—Contention That Case was Tried on Theory of Negligence Alone not Sustained by Record.—It is held that the contention that both parties tried the case on the theory of negligence alone is not sustained by the record, but that, on the contrary, the record shows that the instructions requested by the plaintiff were expressly framed on the theory that the negligence of the defendants in permitting their automobile to run away was not of itself sufficient to warrant a verdict for plaintiff, and that it could not be rightfully rendered unless it was first found from the evidence that defendants willfully and deliberately caused the collision.

Id.—Bill of Exceptions not Sustaining Inevitable Accident—Showing as to Proof.—It is held that the bill of exceptions does not sustain the contention that the verdict was based on the theory of inevitable accident because of an instruction on that theory. Where the verdict was general both against the plaintiffs on their cause of action and against the defendants on their cross-complaint, on each of which the evidence was conflicting, and the bill of exceptions

shows that there was some evidence to support the contentions both of the plaintiff and of the defendants on their cross-complaint, and in view of the conflicting evidence and contradictory instructions, it is impossible to tell on what theory the verdict was founded.

ID.—LAW OF CONTRIBUTORY NEGLIGENCE—CHARGE TO JURY.—The law of contributory negligence has no application to plaintiff's cause of action based solely on the willful and wrongful act of the defendants; and the fact that the court deemed it necessary to charge at all upon that subject in relation to the plaintiff emphasizes the contention that the cause of action stated in the complaint was misunderstood and erroneously misstated to the jury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Henry C. & Oliver Dibble, and Oliver Dibble, for Appellant.

Samuel M. Shortridge, for Respondents.

LENNON, P. J.—This action is for damages alleged to have occurred as the result of a collision between two automobiles, one driven by the plaintiff and the other by the defendants. The cause of action pleaded in the plaintiff's complaint was based primarily upon the claim that the defendants intentionally and willfully ran their automobile upon and against the automobile of plaintiff. On the other hand, the defendants in their answer, after specifically denying all the allegations of the complaint save and except the happening of the collision, pleaded that the injuries, if any, sustained by the plaintiff as the result of the collision were proximately caused by the negligence and carelessness of the plaintiff; and then counterclaimed against the plaintiff for personal injuries and damage to their automobile, which it was claimed were caused by the alleged carelessness and negligence of the plaintiff.

The case was tried by the court with a jury, and resulted in a verdict for the defendants and against the plaintiff upon the latter's cause of action, and in favor of the plaintiff and against the defendants on their counterclaim. Judgment was entered in accordance with the verdict, from which the plain-

tiff has appealed. Plaintiff has also appealed from an order denying his motion for a new trial, and the case is here upon the judgment-roll and a duly authenticated bill of exceptions.

The only point urged for a reversal of the judgment is that the trial court misconceived and ignored the theory of the plaintiff's case as pleaded in the complaint, and in its instructions confused and misled the jury as to what was the real and only issue upon which the plaintiff relied for a verdict.

In substance and effect the plaintiff's complaint alleged that just prior to the collision he was driving his automobile upon a public highway in Marin county, and that the defendants also were driving an automobile in the wake of plaintiff's upon the same highway and in the same direction; that when within a short distance of plaintiff the defendants carelessly and negligently lost control of the speed of their automobile, whereupon plaintiff turned his automobile to the right of the highway, and thereby gave defendants ample room, had they so desired, to pass without damage to either party; but that, instead of so passing as they might have done, the defendants, with the intent and purpose of stopping their automobile, willfully and deliberately turned and ran it upon and against the automobile of plaintiff.

The bill of exceptions in the case does not purport to detail in narrative form or otherwise the evidence offered upon the whole case. It does show, however, "that evidence was duly offered by plaintiff and admitted sufficient to sustain the allegations of plaintiff's complaint, and sufficient to sustain the allegations of plaintiff's answer to defendants' cross-complaint," and also that "evidence was offered by defendants and admitted sufficient to sustain the allegations of defendants' answer and sufficient to sustain the allegations of defendants' cross-complaint."

The instruction most complained of was this: "The plaintiff in this action alleges in his complaint that the alleged injuries to his automobile were caused solely by reason of the carelessness and negligence of the defendants. The court therefore instructs you that the burden of proof rests upon the plaintiff to prove his allegations, that is to say, the burden is on the plaintiff to prove that the alleged damages to his automobile were solely caused by the carelessness and negligence of the defendants. Unless you are satisfied from the

evidence that the alleged injuries to plaintiff's automobile were solely caused by the carelessness and negligence of the defendants the plaintiff cannot recover, and it is your duty to find a verdict in favor of the defendants.''

The vice of this instruction is that it assumes that plaintiff's pleaded cause of action was for damages caused solely by the carelessness and negligence of the defendants; whereas it is readily apparent from the first reading of the plaintiff's complaint that the defendants' alleged negligence in the first instance, although it resulted in their losing control of the speed of their automobile, was not claimed by the plaintiff to be the cause, proximate or otherwise, of the collision. Plainly the plaintiff's cause of action was stated and founded solely upon a willful and deliberate wrongful act of the defendants. By no process of reasoning is the complaint susceptible of the construction that the plaintiff was seeking to recover upon the theory that the damage alleged resulted either immediately or at all from the negligence of the defendants in losing control of the speed of their automobile. It is equally clear from a reading of the complaint that under the circumstances therein narrated this negligence in and of itself would not have resulted in any damage to the plaintiff; and it follows that if the plaintiff was entitled to recover at all, it must have been upon the theory, supported by proof, that the damage complained of was the proximate result of the willful and deliberate act of the defendants, which, although exerted in an effort to save themselves from disaster, was nevertheless wrongful and actionable.

In brief, under the facts stated in the plaintiff's complaint, no recovery could have been had for mere negligence; and if the evidence offered upon the trial in support of plaintiff's case showed negligence only, there would have been a fatal variance between the material allegations of plaintiff's complaint and the proof. (*Louisville & Nashville R. R. Co.* v. *Johnston*, 79 Ala. 436; *Birmingham etc. R. R. Co.* v. *Jacobs*, 92 Ala. 187, [12 L. R. A. 830, 9 South. 320]; *South & North Ala. R. R. Co.* v. *Schaufler*, 75 Ala. 136; *Highland Ave. etc. R. R. Co.* v. *Winn*, 93 Ala. 306, [9 South. 509]; 1 Shearman & Redfield on Negligence, sec. 7, p. 6.)

The complaint in every action should be founded upon a theory, and the plaintiff is entitled to have the jury instructed

by the trial court upon the law applicable to the theory upon which the cause of action is founded. (*Buena Vista etc. Co.* v. *Tuohy,* 107 Cal. 243, [40 Pac. 386] ; *Renton Holmes Co.* v. *Monnier,* 77 Cal. 449, [19 Pac. 820] ; *Buckley* v. *Silverberg,* 113 Cal. 673, [45 Pac. 804].)

There is no escape from the conclusion that the trial court in the instruction complained of not only ignored the real theory of plaintiff's complaint, but erroneously limited the jury in its deliberations to the determination of a single question of fact which, under the pleadings, was not a material issue in the case, and which, if it had been submitted to the jury in the form of a special issue, would not have supported a verdict for or against the plaintiff.

It cannot be said that the error of this instruction was rendered harmless by anything which the court may have said elsewhere in its charge to the jury. True, the court in a preceding instruction did tell the jury that a person committing a willful, wrongful act must respond in damages; and that if they found from the evidence that the defendants willfully and deliberately caused the collision in question the verdict must be for plaintiff. This theory of the case, however, was so absolutely opposed to the subsequent instruction, which limited the plaintiff's cause of action solely to the defendants' negligence, as to make it impossible for us to determine which of the two conflicting theories was followed by the jury, and therefore the erroneous instruction must be deemed to have been prejudicial. (*Lemasters* v. *Southern Pacific Co.,* 131 Cal. 105, [63 Pac. 128] ; *Rathbun* v. *White,* 157 Cal. 248, [107 Pac. 309].)

The evident conflict in the trial court's presentation of the vital issue in the case to the jury cannot be reconciled, or the charge of the court as a whole harmonized, upon the theory that the term "negligence," as used by the court in the instruction complained of, was broad enough in its legal signification to cover both the careless and the willful acts of the defendants. Ordinarily, and likewise in the law, there is a decided and well-defined distinction between mere "negligence" and "willfulness." Negligence is opposed to diligence, and signifies the absence of care. It is negative in its nature, implying a failure of duty, and excluding the idea of intentional wrong, and it follows that the moment a person

wills to do an injury he ceases to be negligent. (*Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143, [34 Pac. 618, 36 Pac. 407]; *Smith* v. *Whittier*, 95 Cal. 279, [30 Pac. 529]; Beach on Contributory Negligence, sec. 62; *Gardner* v. *Heartt*, 3 Denio (N. Y.), 232; *Cleveland C. E. & L. Ry. Co.* v. *Tartt*, 64 Fed. 823, [12 C. C. A. 618]; *Raming* v. *Metropolitan St. Ry. Co.*, 157 Mo. 477, [57 S. W. 268]; *Holwerson* v. *St. Louis etc. Co.*, 157 Mo. 216, [50 L. R. A. 850, 57 S. W. 774]; *Linton Coal M. Co.* v. *Persons*, 15 Ind. App. 69, [43 N. E. 651]; *Dull* v. *Cleveland*, 21 Ind. App. 571, [52 N. E. 1013]; *Brooks* v. *Pittsburg*, 158 Ind. 62, [62 N. E. 694].)

Notwithstanding the confused and indiscriminate use at times of the terms "negligence" and "willfulness" by judges and text-writers, it is certain that the weight of authority supports the view that those terms have a distinct and well-defined meaning, which is clearly pointed out in *Holwerson* v. *St. Louis etc. Co.*, 157 Mo. 216, [50 L. R. A. 850, 57 S. W. 774], where it is said: "By 'negligence' is meant ordinary negligence—a term the significance of which is reasonably well fixed. By gross negligence is meant exceeding negligence—that which is mere inadvertence in a superlative degree. . . . By 'willful negligence' is meant not strictly negligence at all, to speak exactly, since negligence implies inadvertence, and whenever there is an exercise of will in a particular direction there is an end of inadvertence, but rather an intentional failure to perform a manifest duty, which is important to the person injured, in preventing the injury, in reckless disregard of the consequences as affecting the life or property of another. Such conduct is not negligence in any proper sense, and the term 'willful negligence,' if these words are to be interpreted with scientific accuracy, is a misnomer."

The defendants in a measure confess the conflict between the pleadings and the instruction complained of; but endeavor to justify it upon the ground that the cause was tried by the lower court, with the acquiescence and approval of the parties to the action, upon the theory that the liability of the defendants, if any, was for damages arising from the negligence rather than the willful act of the defendants. In other words, it is the claim of the defendants that the cause was tried as if the plaintiff's complaint and the defendants' answer had specifically put in issue the defendants' negligence

to the exclusion of the claim that the collision resulted from the deliberate and wrongful act of the defendants. If this were so the plaintiff would not now be heard to complain for the first time that the negligence of the defendants in the first place, and without regard to their alleged subsequent willful and wrongful act, was not an issue in the case; but the record before us fails to show affirmatively or by fair inference that the cause was tried in the court below upon any issue other than that originally framed by the pleadings in the case. Nothing that is contained in plaintiff's requested instructions warrants the claim of defendants' counsel that the case was tried solely upon the theory that the defendants were guilty of negligence and not guilty of a willful and deliberate act. On the contrary, the record shows that the instructions requested by plaintiff were expressly framed upon the theory that the negligence of the defendants in permitting their automobile to run away was not in and of itself sufficient to warrant a verdict for plaintiff, and that a verdict for plaintiff could not have been rightfully rendered unless it was first found from the evidence that the defendants willfully and deliberately caused the collision.

During the course of its charge to the jury the trial court made use of this language: "As counsel have informed you, the plaintiff claims damages because he alleges that he was negligently run into by the defendants." This language, it is claimed, verifies defendants' contention that the action was tried and determined solely upon the supposed issue of negligence. It will be observed, however, that it does not appear from the quoted statement of the trial court which of the counsel was referred to; but in any event for us to hold that a mere general statement of the trial court in its charge to the jury, over which counsel for either party had no control, is conclusive or any evidence of the fact that counsel for plaintiff waived the issues raised by the pleadings, and consented that the case be tried upon a wholly different theory, would be carrying the "theory of the case" doctrine to greater lengths than the ends of justice require or permit. If, in fact, the case had been by acquiescence of the court and the parties to the action tried upon an issue which was foreign to the pleadings, that fact could easily have been shown by a direct statement in the bill of exceptions, or by a transcription of

the record of the proceedings had upon the trial, from which the theory upon which the case was tried might be shown or fairly inferred.

The defendants further contend that because the jury were instructed upon the law of inevitable accident, it must be assumed that they heeded such instruction, and based their verdict upon the finding that the collision was the result of inevitable accident.

This contention is untenable. The bill of exceptions certifies to the fact that the evidence upon the whole case was sufficient to sustain the allegations of the pleadings of the respective parties. Presumably in that situation the evidence was conflicting, and as the verdict was general in its nature, it is impossible for us, in the face of conflicting evidence and contradictory instructions, to determine upon which of the several phases of the case the verdict was founded.

In view of what has been said, it will not be necessary for us to follow counsel in their discussion of the trial court's charge upon the law of contributory negligence further than to say that the plaintiff's cause of action having been stated solely upon the willful, wrongful act of the defendants, the doctrine of contributory negligence has no application to any phase of the case; and the fact that the trial court deemed it necessary to charge at all upon that subject emphasizes the contention that the cause of action stated in the plaintiff's complaint was misunderstood and erroneously stated to the jury. (1 Thompson on Negligence, sec. 383; 1 Shearman & Redfield on Negligence, sec. 64; *Esrey* v. *Southern Pac. Co.,* 103 Cal. 541, [37 Pac. 500]; *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 514, [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15].)

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

Hall, J., and Kerrigan, J., concurred.