[Civ. No. 5544. First Appellate District, Division Two.—December 27, 1926.]

# EDNA LOWER, Respondent, v. LLOYD S. HUGHES, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—PEDESTRIAN STRUCK BY AUTOMOBILE — CONTRIBUTORY NEGLIGENCE — EVIDENCE. —In this action for damages for personal injuries sustained by a pedestrian when struck by defendant's automobile while in the act of crossing at a street intersection, it is held that the evidence was insufficient to show that plaintiff was guilty of contributory negligence as a matter of law.

[2] ID.—CONTRIBUTORY NEGLIGENCE — NONSUIT—DIRECTED VERDICT. — In such action, the trial court properly denied defendant's motions for nonsuit and for a directed verdict in so far as such motions were based upon the contributory negligence of plaintiff.

[3] ID. — EXISTENCE OF SKID MARKS — EVIDENCE — ADMISSIONS.—In such action, the trial court did not err in admitting in evidence over defendant's objection admissions of defendant following the accident that certain skid marks on the pavement were undoubtedly his.

[4] EVIDENCE—ADMISSIONS—CAUTIONARY INSTRUCTIONS. —Under subdivision 2 of section 1870 of the Code of Civil Procedure, evidence of the admissions of a party to an action is admissible, but after the evidence is received an instruction may be asked, under subdivision 4 of section 2061 of the Code of Civil Procedure, regarding what caution the jury should exercise in weighing oral admissions.

[5] NEGLIGENCE—INAPPLICABLE INSTRUCTIONS—EVIDENCE—APPEAL. — In this action for damages for personal injuries sustained by a pedestrian when struck by defendant's automobile at a street intersection, the giving of instructions based on section 130 and subdivision c of section 125 of the Motor Vehicle Act of 1923, which were inapplicable to the facts, cannot be said as a matter of law to have prejudiced the rights of defendant.

[6] ID.—INSTRUCTIONS—ASSUMPTION OF MATTERS OF FACT.—In such action, instructions based on subdivision c of section 125 of the Motor Vehicle Act of 1923 that plaintiff was entitled to the assurance that defendant would not approach at an excessive speed and would not endanger her without warning, and that plaintiff

---

1. See 3 Cal. Jur. 843.
4. See 24 Cal. Jur. 839.

had the right to take a place of safety at the street intersection, were not subject to the objection that they assumed certain matters of fact.

---

(1) 42 C. J., p. 1268, n. 17.   (2) 42 C. J., p. 1268, n. 17; 38 Cyc., p. 1579, n. 41.   (3, 4) 22 C. J., p. 345, n. 15; 38 Cyc., p. 1742, n. 9. (5) 4 C. J., p. 1033, n. 37.   (6) 42 C. J., p. 1285, n. 76; 38 Cyc., p. 1666, n. 83.

APPEAL from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and J. E. Reardon for Appellant.

Glickman & Glickman for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages for injuries alleged to have been suffered by her when struck by the automobile of the defendant. The defendant answered and a trial was had in the trial court before the court sitting with a jury. At the end of the plaintiff's case the defendant made a motion for a nonsuit. The motion was denied. Thereupon the defendant rested without introducing any evidence. Thereafter the defendant moved for a directed verdict repeating the grounds of the motion for a nonsuit. That motion was also denied. The jury returned a verdict in favor of the plaintiff. A judgment was entered in favor of the plaintiff in accordance with the verdict so returned and from that judgment the defendant has appealed under section 953a of the Code of Civil Procedure.

At about 6 o'clock on the evening of the ninth day of December, 1923, the plaintiff and her escort, Mr. George Moon, left Mr. Moon's house in Oakland to go to Fruitvale. It was their intention to take a San Pablo Avenue car at Thirty-fourth Street. San Pablo Avenue runs north and south and Thirty-fourth Street crosses it, running east and west. On San Pablo Avenue there is a double street-car track. On the easterly track the cars

run to the north; on the westerly track the cars run to the south. A large street lamp is suspended over the center of the street crossing. The plaintiff and her escort walked along the sidewalk on the north side of Thirty-fourth Street until they reached the curb at the street crossing. There they paused for the traffic to pass which was traveling in a northerly direction. They then attempted to cross the street-car tracks to take a position on the northwest corner of the crossing for the purpose of ·boarding the street-car. When they were out in the middle of the street they paused to allow the traffic to pass which was going in a southerly direction. The plaintiff testified that they paused on the west rail of the north car-track. She stood on Mr. Moon's right. From that time until the accident happened she stood perfectly still, not moving in any direction, and during all that time she was looking at the approaching traffic coming from the north down the west side of San Pablo Avenue. The blocks are short, but the plaintiff testified that the first cars to pass were followed by other cars which were at the time she first observed them about a block away. These other cars consisted of three and we will hereafter refer to them as "the group." They were coming from the north in line in the space between the east curb of San Pablo Avenue and the west rail of the street-car tracks. The space between the left-hand side of the moving traffic and the rail on which the plaintiff stood was wide enough for three cars to travel abreast. The group of cars came from the north, one behind the other, separated by spaces of about twenty feet. The defendant was driving the rear car. The plaintiff testified that she was looking at the cars continuously. As Mr. Moon stood on the south side of the plaintiff he was in a position to testify as to how her head was turned, but clearly he could not testify as to what her sight was resting on. As Mr. Moon stood slightly at the back of her head it is equally clear that the plaintiff could not testify on what the sight of Mr. Moon was resting. We shall not pause, therefore, to consider the statements of either of the witnesses made in response to questions propounded to them as to ·where the other one was looking. The plaintiff repeatedly said that she was looking at the group of cars and repeatedly

stated that she did not have her eyes focused on the defendant's car. When the group of cars had proceeded to a point about one hundred feet from the plaintiff, the plaintiff testified that they were in line. She also testified that when the first one of the group was opposite to her that the other two were quite a good ways behind, but they were coming in line. She estimated that the defendant's car at that time was forty feet away. When the second car was right opposite her she testified that Hughes' car was on top of her. The plaintiff and Mr. Moon were the only eye-witnesses examined. The plaintiff testified that she did not see the defendant's car leave the line, swerve to the left and attempt to pass the cars ahead of it. Her testimony was that the defendant's car was at all times in the line until immediately before it struck her, when she obtained a mere flash of it. Mr. Moon testified that he saw the car swerve to the left and that he stepped backward about ten inches and attempted to draw the plaintiff backward by pulling on her arm. He also testified that at the same time he was pointing at the Hughes car. The plaintiff testified that she did not see Mr. Moon point and that she did not feel him pull on her arm. Mr. Moon testified that at the time the defendant attempted to pass the other cars the defendant was then driving thirty-five or forty miles an hour. If defendant's car was traveling forty miles per hour as it swerved to the left and when it was forty feet from the plaintiff, it is apparent that the time elapsing between the instant it turned out of the line and the instant of the impact was less than three-fourths of a second. The plaintiff testified that she was not afraid and did not see any danger before the collision. **[1]** The appellant contends that as a matter of law the plaintiff under the foregoing facts was guilty of contributory negligence, and he cites *Finkle* v. *Tait,* 55 Cal. App. 425, 432 [203 Pac. 1031]; *Sheldon* v. *James,* 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]; *Mayer* v. *Anderson,* 36 Cal. App. 740 [173 Pac. 174]; *Moss* v. *H. R. Boynton Co.,* 44 Cal. App. 474 [186 Pac. 631]; *Ogden* v. *Lee,* 61 Cal. App. 493 [215 Pac. 122]. No one of those cases is addressed to a state of facts such as we have before us in this case. **[2]** In so far as the motion for a nonsuit and the motion for a directed ver-

dict were based on the contributory negligence of the plaintiff, the motions were properly denied.

[3, 4] The next day after the accident Mr. Moon and his brother Ralph went to the scene of the accident and examined the street at the point where the accident had occurred. They found some skid marks. They measured the length of them and thereafter they went to the office of the defendant and held a conversation with him. Testifying regarding what occurred in that conversation, each one of the Moon boys said that George Moon stated to the defendant that they had been out there and saw where the accident happened and measured the place up, and George then said, "There was twenty-eight feet of skid marks," and Mr. Hughes replied, "They were undoubtedly mine." The testimony was objected to and the objection was overruled and at this time the appellant strenuously urges that it was error to overrule the objections. We think there is no merit in the contention. The evidence of the admissions of a party to an action is admissible. (Code Civ. Proc., sec. 1870, subd. 2.) After the evidence was received the defendant might have asked for an instruction regarding what caution the jury should exercise in weighing the oral admissions. (Code Civ. Proc., sec. 2061, subd. 4.) But the trial court was correct in ruling that the objection to the admissibility of the evidence should not be sustained.

The appellant complains regarding certain instructions given on the subject of the defendant's negligence. Before taking up these matters it is proper to state that the plaintiff's complaint was framed on the complaint that was before the court in *Stein* v. *United Railroads,* 159 Cal. 368 [113 Pac. 663]. There was no evidence introduced showing that the territory immediately adjacent to the place where the accident occurred had been "sign-posted." (Motor Vehicle Act 1923, sec. 114, subd. c.; Stats. 1923, p. 517.) The record does not disclose, therefore, whether the territory was a business district, a residence district, or outside of a business or residence district. The defendant was not called as a witness, his absence was not accounted for, and his deposition was not produced.

[5] The trial court gave two instructions purporting to be based on section 130 of the statute. The facts to which that portion of the statute is applicable were not intro-

duced in evidence and the record contains nothing showing that the jury based its verdict on anything contained in said section. The trial court gave two instructions purporting to be based on section 125, subdivision c, of the statute. An examination of those provisions of the statute discloses that the care therein provided for is in behalf of the vehicles at the rear, or of the vehicle that is being passed or overtaken. As neither of such vehicles was injured, the provisions of the statute which we have cited were inapplicable. As plaintiff stood looking at the group of cars she was not injured by the defendant's failure to give the statutory signal, as he turned out of the line to pass the cars ahead of him. (*Dewhirst* v. *Leopold*, 194 Cal. 424 [229 Pac. 30].) Therefore, there is nothing in the record from which we can say, as a matter of law, that the giving of the instructions, hereinabove referred to and which we have shown were inapplicable to the facts, in any way prejudiced the rights of the defendant.

[6] The appellant complains of two other instructions which the trial court gave. The first one is as follows: "The plaintiff in this action had the right to assume while crossing the intersection of 34th Street and San Pablo Avenue that the defendant Lloyd S. Hughes approaching from her right would travel along the opposite side of the street in a southerly direction so as not to endanger her in any event until she had passed its center and the plaintiff herein is further *entitled to the assurance* that the defendant Lloyd S. Hughes would use such care and circumspection as the circumstances required and that he, the defendant, would not approach at an excessive speed and would not endanger her without warning. (Appellant's italics.) In his argument the appellant does not show to the court wherein there was any error in said instruction.

The trial court also gave an instruction worded as follows: "You are further instructed that plaintiff had the right to take *a place of safety at the intersection of 34th Street and San Pablo Avenue* in crossing said San Pablo Avenue and plaintiff had the right to assume that any vehicle coming from the direction of the approaching traffic from the north would observe the statutory regulation as to the rate of speed and that any vehicle would not attempt to overtake another vehicle at the intersection of 34th and San Pablo

Avenue unless directed so to do by a traffic or police officer.'' (Appellant's italics.) The instruction purports to be based on subdivision c of section 125 of the statute. The accident occurred at the intersection of Thirty-fourth Street and San Pablo Avenue. The impact took place within the boundaries of the four corners made by the intersecting streets. At the time of the impact the defendant's car was in the very act of passing the other car which had been immediately in front of it. From the evidence adduced the jury could rightly determine whether the defendant was directed by an officer to overtake the car ahead of him.

As to both of the instructions last referred to the appellant contends that they assume certain matters of fact. We submit that a most cursory reading of the instructions discloses that no question of fact is assumed. If any fact was assumed, such fact was not a controverted fact in the case. The only evidence before the court was the evidence of the plaintiff and Mr. Moon. As to the alleged assumed facts those two witnesses did not disagree.

The judgment is affirmed.

Nourse, J., and Preston, P. J., *pro tem*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1927.