[L. A. No. 9358. In Bank.—April 29, 1927.]

In the Matter of the Estate of GRACE MAGERL, Deceased. HERMAN L. MARTIN, Appellant, v. BERRILLA WARD, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—JURY TRIAL—RECORD.—The question as to whether the trial court was in error in making an order refusing the contestants in a will contest a jury trial must be determined by the state of the record touching that particular phase of the case rather than by the nature and extent of evidence presented upon the hearing before the court after the making of the order refusing to submit the contest to a jury.

[2] ID.— RIGHT TO JURY TRIAL — DEMAND — SECTION 1312, CODE OF CIVIL PROCEDURE.—A will contest being one triable in probate, wherein the contestant is not entitled as of right to a trial by jury, he can only procure that right by a compliance with the terms of section 1312 of the Code of Civil Procedure, requiring that a request therefor in writing must be filed at least ten days prior to the date set for the hearing.

[3] ID.—REQUEST FOR TRIAL BY JURY—PREVIOUS TRIAL BY JURY.—There is no merit in the contention that because of the fact a previous trial of a will contest, upon original grounds of contest, had been had before a jury, the contestant is entitled to have a second trial, upon issues involving new and other grounds of contest, had before a jury, in the absence of a request in writing therefor made and filed in conformity with section 1312 of the Code of Civil Procedure.

[4] ID.—DENIAL OF JURY TRIAL—EXCEPTION TO RULING—APPEAL.—Even if the trial court erred in denying the contestant in a will

---

1. See 26 Cal. Jur. 1104, 1105.

contest a trial by jury, the point is not available on appeal where no exception was taken or noted by the contestant to the ruling in accordance with section 646 of the Code of Civil Procedure, as such an order is not within the list of orders which are deemed to have been excepted to under said section.

[5] ID.—IRREGULARITIES—ERRORS OF LAW.—The action of a trial court in a will contest in refusing a trial by jury cannot be reviewed on appeal as an irregularity in the proceedings of the court by which the contestant was prevented from having a fair trial, nor can it be reviewed as an error of law occurring at the trial and excepted to by the party making the application.

[6] ID.—ALLEGED MISCONDUCT OF JUDGE—REVIEW.—Alleged misconduct of the judge in the trial of a will contest cannot be reviewed on appeal as an irregularity in the proceedings of the court, where no affidavits were filed in support of a motion for a new trial upon that ground, such as are required by section 658 of the Code of Civil Procedure.

[7] ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE.— There is no error in denying a motion for a new trial made upon the ground of newly discovered evidence where the evidence is merely cumulative, or where there was no showing or attempted showing on the part of the moving party that he could not with reasonable diligence have discovered and produced such evidence upon the trial of the case.

(1) 40 Cyc., p. 1331, n. 40.   (2) 35 C. J., p. 181, n. 8, 13; 40 Cyc., p. 1320, n. 57, p. 1324, n. 82, 83.   (3) 35 C. J., p. 210, n. 3, p. 216, n. 90; 40 Cyc., p. 1324, n. 83.   (4) 3 C. J., p. 894, n. 47, p. 805, n. 52; 40 Cyc., p. 1352, n. 15.   (5) 40 Cyc., p. 1358, n. 73.   (6) 3 C. J., p. 967, n. 40.   (7) 29 Cyc., p. 886, n. 5, p. 891, n. 6, p. 911, n. 94.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles S. Burnell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Martin E. Geibel for Appellant.

Frank L. Muhkleman and Hewitt & Crump for Respondent.

RICHARDS, J.—This is an appeal from a judgment of the superior court of Los Angeles County admitting to pro-

4.   See 2 Cal. Jur. 292.
7.   See 20 Cal. Jur. 94; 20 R. C. L. 295.

bate the will of Grace Magerl, deceased, after a trial before the court, sitting without a jury, of a contest of said will by the appellant herein, who was a son of the decedent. The record upon this appeal is a very voluminous one, but the essential facts required for a determination of the appeal may be briefly stated as follows: The last will and testament of the decedent was executed by her on August 24, 1921, in Salt Lake City, of which city she was then a resident. By the terms of her will she devised and bequeathed to her son, Herman L. Martin, the appellant herein, a dwelling-house in Salt Lake City and a one-half interest in certain personal property. To her husband, Joseph E. Magerl, she bequeathed all of her real estate situate in San Diego, California. All of the rest and residue of her estate she bequeathed to her sister, Berilla Ward, and the husband of the latter, E. E. Ward, equally, share and share alike. She appointed Berilla Ward executrix of her will and estate. Mrs. Magerl shortly thereafter left Salt Lake City for California, where she resided up to the time of her death, which occurred on April 21, 1924. On May 20, 1924, Berilla Ward offered the will for probate, whereupon Herman L. Martin, the decedent's son by a former marriage, filed his contest and opposition to the probate of said will, wherein and also in his amended opposition thereto later filed he set forth two grounds of contest, namely, undue influence alleged to have been exercised upon his mother by Berilla Ward and others; and unsoundness of mind. A trial was had upon such contest before the court sitting with a jury, at the conclusion of which a motion for an instructed verdict was granted by the judge as to the ground of undue influence, but was denied as to the ground of unsoundness of mind. The matter being then submitted to the jury upon the latter ground, it rendered its verdict in favor of the contestant upon the issue of the unsoundness of mind and in favor of the proponent upon the issue as to undue influence. The proponent moved for a new trial, which motion was granted by the court, whereupon the contestant sought and obtained leave to file a second amended ground of contest and opposition to the probate of the will, in which was included a new ground, namely, that the will was procured through the fraud of Berilla

Ward, her sister, Lydia Ward, and one S. P. Armstrong, the Salt Lake City attorney who drew the will. The proponent, Berilla Ward, answered, denying all the allegations of the second amended contest, and the cause being at issue was transferred to another department of said superior court for trial. Thereupon counsel for the contestant served and filed a notice of motion to set the cause for trial, and in accordance therewith, after several transfers to different departments of said court, the cause came on for trial before the department thereof presided over by Honorable Charles S. Burnell on June 16, 1925. When the case was called for trial on that day the proponent objected to a jury trial and demanded a trial by the court upon the ground and for the reason that no written demand for a jury trial had been made by the contestant as provided by section 1312 of the Code of Civil Procedure. The trial court thereupon made an order sustaining said objection and excusing the jury, and thereupon proceeded to a trial of the cause without a jury, and after a prolonged trial made its findings of fact and conclusions of law adverse to the contestant upon all grounds of contest and thereupon denied the contest and admitted the will to probate. A judgment to that effect was rendered and entered on August 1, 1925. The contestant in due course made a motion for a new trial upon all the statutory grounds, which motion having been heard and denied, the contestant prosecutes this appeal.

While the record on appeal is voluminous, embracing six bulky volumes of typewritten transcript, the appellant makes no contention that the evidence educed at the second trial was insufficient to justify the decision of the trial court. According to both the opening and closing briefs of his counsel, the only purpose for which such evidence is adverted to and extensively set forth in the appendix is in order to illustrate to this court the merits of his contention that he should have been accorded a trial of his contest before a jury. [1] The question, however, as to whether the trial court was in error in making its order refusing the contestant a jury trial must be determined by the state of the record touching that particular phase of the case rather than by the nature and extent of the evidence presented upon the hearing before the court after the making

and entry of its order refusing to submit the contest to a jury. [2] This cause being one triable in probate, wherein the contestant was not entitled as of right to a trial by jury, he could only procure that right by a compliance with the terms of the statute regulating hearings upon the contest of wills. Section 1312 of the Code of Civil Procedure provides the statutory method for the presentation and trial of will contests, and after providing for the filing and service by the contestant of written grounds of opposition to the probate of a will and for the answer or answers thereto, proceeds to provide that "any issues of fact thus raised . . . must, on request of either party in writing (filed at least ten days prior to the day set for the hearing), be tried by a jury. If no jury is demanded the court must try and determine the issues joined." The record shows that upon the first trial of the contest no written demand for a jury trial was filed by the contestant, but that the cause nevertheless proceeded to a hearing before a jury upon one of the asserted grounds of contest; that the jury decided in favor of the contestant thereon, and that thereafter the trial court granted the proponent's motion for a new trial. The order granting said motion set the matter at large as fully as though no previous trial had been held. The contestant thereupon presented his second amended grounds of opposition to the probate of the will, wherein he included a new and further ground of contest. This action on his part further set the matter at large, since as to such new and added ground of contest no trial had theretofore been had. It was therefore incumbent upon the contestant, if he desired a trial by jury upon the issues tendered by his second amended grounds of contest, to have filed his request in writing for such jury trial in accordance with the requirements of section 1312 of the Code of Civil Procedure. The only document which he in fact filed relating to the second trial was his notice of motion to set the same for trial, which under no reasonable interpretation of its terms could be held to amount to a request for a trial by jury. [3] There is no merit in the appellant's contention that because of the fact that the first trial of his original grounds of contest had been had before a jury, he was therefore entitled to have his second trial, upon issues in-

volving new and other grounds of contest, had before a jury, in the absence of a request in writing therefore made and filed in conformity with the section of the code above referred to. The trial court was not, therefore, in error in making its order sustaining the proponent's objection to the second trial of the contest before a jury, and in thereupon proceeding to hear and determine the issues joined upon said contest without a jury. [4] But even if the trial court had been in error in its ruling and order in that regard, the point would not be available to the contestant upon this appeal for another and sufficient reason as disclosed by the record. No exception was taken or noted by the contestant to the ruling and order of the trial court in that regard, in accordance with the requirements of section 646 of the Code of Civil Procedure. That section reads as follows: "'Exception' defined. When taken. An exception is an objection upon a matter of law to a decision made, either before or after judgment, by a court, tribunal, judge, or other judicial officer, in an action or proceeding. The exception must be taken at the time the decision is made, except as provided in section six hundred and forty-seven." Section 647 of the Code of Civil Procedure contains a recital of the orders and proceedings of the trial court, to which no express exception is required to be taken, for the reason that, as provided in the last-named section, the matters enumerated therein "are deemed to have been excepted to." The order of the trial court complained of herein is not, however, within the list of those orders and proceedings of a trial court which are thus deemed to have been excepted to, and this being so it was essential to the contestant's right to have said ruling and order reviewed upon the motion for new trial or upon appeal that the same should have been expressly excepted to at the time such order was made, in conformity with section 646 of the Code of Civil Procedure above quoted. The following cases fully sustain this view: *Hendy Machine Works* v. *Pacific C. C. Co.*, 99 Cal. 421, 423 [33 Pac. 1084]; *Craig* v. *Hesperia Land & Water Co.*, 107 Cal. 675 [40 Pac. 1057]; *Williams* v. *Southern Pac. R. R. Co.*, 110 Cal. 457, 462 [42 Pac. 974]; *Lee* v. *Murphy*, 119 Cal. 364, 367 [51 Pac. 549, 955]; *Story* v. *Nidiffer*, 146 Cal. 549, 552 [80 Pac. 692].

It necessarily follows that the contention of the appellant that the trial court was in error in refusing a jury trial is not subject to review upon this appeal.

[5] The appellant makes the further contention that the trial court erred in denying his motion for a new trial upon several of the grounds enumerated in said motion. His first insistence in this regard is that he is entitled to have reviewed the action of the trial court in refusing a trial by jury as an irregularity in the proceeding of the court by which he was prevented from having a fair trial. It is clear, however, that if our reasoning heretofore indulged in is correct, the action of the trial court in that regard was not such an irregularity as was so reviewable, and for the like reason such action upon the part of the trial court was not "an error of law occurring at the trial and excepted to by the party making the application." This disposes of those two grounds of the contestant's said motion.

[6] The contestant makes the further contention that under the specifications of "irregularity in the proceedings of the court" he is entitled to have reviewed the alleged misconduct of the judge of the court evinced during the trial and indicating that he was prejudiced against the contestant, and that the findings of the court were so influenced by such prejudice that the contestant's substantial rights were materially affected thereby. The difficulty with the appellant's asserted right to have such alleged prejudice on the part of the trial court reviewed upon this appeal consists in the fact that his motion for a new trial upon that ground was not supported by any affidavits, such as are required by section 658 of the Code of Civil Procedure. Said section provides that when the application for a new trial is made upon the ground of irregularity in the proceedings of the court it must be made upon affidavits. The appellant presented no affidavits upon that subject upon his motion for a new trial, but relied wholly upon excerpts from the record of the trial to sustain his argument that the trial court was prejudiced against his cause. It is clear that the appellant's said ground of motion for a new trial was not sufficiently supported and that his motion upon that ground was properly denied.

[7]   The contestant makes the further and final contention that the trial court was in error in denying his motion for a new trial made upon the ground of newly discovered evidence and supported by certain affidavits presented by him upon said motion.   An examination of the affidavits discloses, however, that the evidence thus proffered was merely cumulative and of the same character as other evidence already produced by the contestant upon the trial. The record further discloses that there was no showing or attempted showing on the part of the contestant that he could not with reasonable diligence have discovered and produced such evidence upon the trial of the cause.   This latter showing is essential to the claim of the rights of the contestant to have such alleged newly discovered evidence considered by the trial court upon motion for new trial.   (20 Cal. Jur., p. 84 et seq., and cases cited.)   It follows that the trial court was not in error in denying the contestant's motion for a new trial.

The foregoing being the only points made by the contestant upon this appeal, the judgment and order are affirmed.

Curtis, J., Shenk, J., Seawell, J., Preston, J., Langdon, J., and Waste, C. J., concurred.