[Civ. No. 10965.  Second Appellate District, Division Two.—August 6, 1936.]

MRS. VIRGINIA FRANK, Appellant, v. MRS. ELIZABETH G. MYERS, Respondent.

Hugo H. Harris and David E. Field for Appellant.

Lasher B. Gallagher for Respondent.

CRAIL, P. J.—This is an appeal from a judgment upon a directed verdict in favor of a defendant in an automobile collision case in which the defendant was the driver of the car and the plaintiff was a guest passenger. Viewing the evidence in the light most favorable to the plaintiff, and indulging in every legitimate inference which may be drawn therefrom, the defendant while driving her car along one of the important thoroughfares of Los Angeles turned her head in the opposite direction from which the automobile was proceeding and continued said conduct over a distance of over three hundred feet, the plaintiff in the meantime protesting. As a result of·such conduct defendant's automobile collided with a car parked at the right-hand curb. During this conduct the speed of the defendant's car was such that the parked automobile was hurled fifty feet from where the crash occurred. The collision resulted in serious injuries to the plaintiff.

Plaintiff's first contention is that the trial court's instruction to the jury to return a verdict for the defendant was prejudicial error. Whether the driver of a car is guilty of wilful misconduct is ordinarily a question of fact to

be determined by the fact-finder, depending upon all the facts and circumstances in evidence bearing upon the question. A satisfactory statement of what constitutes wilful misconduct under the California Vehicle Act, section 141¾ (now Vehicle Code, sec. 403) is set forth in the well-known and oft-quoted case of *Meek* v. *Fowler*, 3 Cal. (2d) 420 [45 Pac. (2d) 194]. Viewing the evidence in this case under proper instructions as to the law, reasonable men might well have differed in determining whether the defendant was guilty of wilful misconduct. We are not holding that the defendant was guilty of wilful misconduct; we are holding that the question should have been submitted to the jury.

As the case must be retried it will be well to determine other matters which will arise upon a retrial. During the course of the trial the plaintiff offered in evidence a written statement signed by the defendant giving her version of the transaction. A part of it is hereinafter set forth. ■ Before it was admitted in evidence, however, the court struck from the quoted portion that part which is put in italics. ''I have driven cars for a number of years. *Drive rather fastly and am fully aware if I turn my head to the rear that probable injury would result to myself and passengers . . . I acknowledge I was absolutely at fault.''* Admissions by a defendant that she realized that her conduct in driving an automobile would probably result in injury to herself and plaintiff, and that the accident was due to her fault are admissible, as admissions against interest. (*Lathy* v. *Wolfe*, 85 Cal. App. 332 [259 Pac. 470]; *Lower* v. *Hughes*, 80 Cal. App. 444 [251 Pac. 952]; *Olsen* v. *J. J. Jacobs Motor Co.*, 99 Cal. App. 423 [278 Pac. 1051].)

■ The defendant in reply contends—that the complaint alleges negligence of the defendant as well as wilful misconduct; that this allegation of negligence was specifically admitted in the answer; that no finding can be made contrary to this admitted fact, and that the foregoing is enough to compel a judgment for the defendant for the reason that ''it is established without conflict that a person cannot be guilty of negligence and wilful misconduct at the same time'', citing *Tognazzini* v. *Freeman*, 18 Cal. App. 468 [123 Pac. 540]; *Helme* v. *Great Western Milling Co.*, 43 Cal. App. 416 [185 Pac. 510]. There is no merit in this contention. Gross negligence and wilful misconduct are so closely

akin that the line between them is not always easy to draw, and the distinction arises frequently from the fact that wilful misconduct has the additional element of wilfulness, which implies an intent or knowledge. "Such intent and knowledge of probable injury may not be inferred from the facts in every case showing an act or omission constituting negligence for, if this were true, any set of facts sufficient to sustain a finding of negligence would likewise be sufficient to sustain a finding of wilful misconduct. As has been repeatedly declared, 'wilful misconduct' means something more than negligence—more, even, than gross negligence." (*Meek* v. *Fowler, supra.*) The circumstance that negligent conduct was an admitted fact does not preclude a finding of wilful misconduct.

█ It is the final contention of the defendant that the plaintiff's point, that the court erred in instructing the jury to return a verdict in favor of the defendant, cannot be presented to an appellate court in the absence of an exception to the ruling, and further contends that there is no exception in the record. The answer is that the statute itself (Code Civ. Proc., sec. 646) preserves an exception to the giving of an instruction to the jury. Moreover, the record discloses that the instruction to the jury to direct a verdict for defendant was given "over the objections" of plaintiff. Section 648 of the Code of Civil Procedure provides that "no particular form of exception is required", and section 646 of the Code of Civil Procedure provides that "an exception is an objection upon a matter of law to a decision made, either before or after judgment".

Judgment reversed.

Wood, J., concurred.

McCOMB, J., *pro tem.*, Dissenting.—I dissent.

This is an appeal from a judgment in favor of defendant entered after the trial court granted defendant's motion for a directed verdict.

The conceded facts, so far as material here, are:

Respondent at the close of her case made a motion for a directed verdict in her favor, which was granted. No exception was taken or noted by appellant at the time.

In my view the sole question necessary to determine is:

*Will an appellate court review a trial court's ruling in granting a motion for a directed verdict, if appellant does not take an exception at the time the motion is granted?*

This question must be answered in the negative. It is well settled that an appellate court will not review a ruling of a trial court, unless an exception has been taken by appellant at the time of the decision, except as to orders and proceedings listed in section 647 of the Code of Civil Procedure. (*Estate of Magerl*, 201 Cal. 162 [256 Pac. 204]; *Craig* v. *Hesperia Land & Water Co.*, 107 Cal. 675 [40 Pac. 1057].)

A motion for a directed verdict is not within the list of orders and proceedings of the trial court which are deemed to be excepted to by section 647 of the Code of Civil Procedure.

Therefore, since no exception was taken to the decision when it was made, the judgment should be affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 24, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 28, 1936.