**Victor LERNER, Respondent,**

**v.**

**G. D. YEGHISHIAN, d/b/a Rose Killaian Rug Company, and James H. Lawless and Folke S. Carlson, Co-Partners, d/b/a Lawless and Johnson, Appellants.**

**No. 22019.**

Kansas City Court of Appeals.

Missouri.

Oct. 4, 1954.

Milton W. Adams, Kansas City, for G. D. Yeghishian, appellant.

George V. Aylward, Atty, Kansas City, William B. Teasdale, Kansas City, of counsel, for appellants Lawless and Carlson.

Rich & Rich, Kansas City, for respondent.

DEW, Judge.

This action was instituted in the magistrate's court to recover damages to a carpet. Judgment was rendered in that court against the plaintiff and in favor of both defendants. On appeal by the plaintiff to the circuit court, the verdict was in plaintiff's favor for $500, against both defendants. Judgment was entered accordingly and both defendants have appealed to this court. By stipulation both appeals have been consolidated and are to be considered as one cause.

According to the petition plaintiff purchased the carpet September 14, 1947, from defendant G. D. Yeghishian for $1,184, and paid him in addition $22.20 to mothproof it. It was gray in color, selected to match the furnishings in plaintiff's home. It was warranted by said defendant company to be of first class quality, without defect, with fast color and uninjured in any way by the mothproofing. On or about October 12, 1950, plaintiff engaged defendants Lawless and Carlson to clean the carpet in plaintiff's home. When they had finished the cleaning,

ugly brown spots appeared in the carpet, rendering it unuseable. On November 15, 1950, defendants Lawless and Carlson removed the carpet to their plant and again cleaned it, whereupon the color of it changed to purple, and the brown spots remained visible. The petition states that defendant Yeghishian claims defendants Lawless and Carlson caused the damage by negligent cleaning, and that Lawless and Carlson claim the carpet was damaged when sold to plaintiff by defendant Yeghishian, or that it was not of first class quality, or was damaged by him when improperly mothproofed. It is averred that the carpet, in fact, was not of first class quality and color when sold to plaintiff by defendant Yeghishian, or was damaged by him when negligently mothproofed with an improper solution or substance; and it is also alleged that defendants Lawless and Carlson negligently cleaned it with an improper solution or substance, and that the negligent action of all defendants contributed to cause the damage to the carpet. The petition further states that because of the spots and change of color it is unuseable in plaintiff's home; that if it had not been damaged, as aforesaid, it would have a reasonable value of $850, for which judgment was prayed, with interest.

It was established by the plaintiff and admitted by defendant Yeghishian that the latter, a rug dealer of many years, sold the carpet to the plaintiff, warranted it to be of first class quality and of fast color, and warranted it against injury by the mothproofing process applied by that defendant; that plaintiff relied on those warranties, and that Yeghishian later cut and laid the carpet from wall to wall in plaintiff's home and furnished certain throw rugs of the same material and pattern. After three years' use of the carpet, according to plaintiff's evidence, plaintiff called the defendants Lawless and Carlson to come and clean the carpet in plaintiff's home. At that time it had been properly cared for and used by the plaintiff and there were no brown spots visible in it.

When Lawless and Carlson applied their cleaner to the carpet, brown spots appeared. Wherever the carpet had been used most or was least protected by the furniture, the spots were less noticeable, but otherwise they were scattered all over its surface. The cleaner was used again on the spots and did not remove them. It left the nap stiff and the whole carpet was brushed. Lawless and Carlson then used naptha, with little success. Thereupon they took the carpet to their plant. Meanwhile defendant Yeghishian had been called in to view it, but could not account for the brown spots. At the cleaning plant it was put through some cleaning process, which had little effect on the brown spots, but the color changed to purple, which was unuseable in plaintiff's home. It was admitted by Yeghishian that the life of the carpet should have been about 25 years, and that at the end of three years it should have had a value of about $850. He testified that he used the Hoggart mothproofing process, a method which he had long used and with satisfactory results. Defendant Carlson testified his plant used Orvus and Chromotex in the cleaning process.

A witness for defendants Lawless and Carlson, who had been in the carpet business for 26 years, said he had used the Hoggart mothproofing process and was familiar with it, but that it caused brown spots in carpets. Although he had been able to remove such spots satisfactorily, he had discontinued its use for fear of causing such spots. On the other hand, there was testimony on the part of defendant Yeghishian that "Orvus" used by defendants Lawless and Carlson, should only be used when diluted with other solutions or elements, and that he never used "Chromotex" for cleaning carpets.

We first turn to the appeal by defendant Yeghishian. His first contention is that plaintiff's Instruction 1 submitted to the jury his liability on the theory only of breach of warranty and called for a verdict against him, whereas, Instruction 3 submitted to the jury his joint liability with Lawless and Carlson for their joint contribution to the damage sustained, and called for a verdict for plaintiff against all defendants. It is claimed that these instructions are in-

consistent and conflicting; that Instruction 3 is not limited to the warranty pleaded nor to plaintiff's reliance thereon, nor to the evidence thereof. It will be noted that, in fact, the petition pleaded a breach of warranty on the part of defendant Yeghishian, or, in the alternative, his negligent mothproofing of the carpet. We cannot say that there was no competent evidence of either of such theories of liability of the defendant Yeghishian, and having been both pleaded and evidence having been offered to prove both, each was properly submitted by separate instructions to the jury. Certainly if Yeghishian was guilty under either theory, the plaintiff is entitled to a verdict against him. The point is overruled.

Defendant Yeghishian next asserts that the jury was improperly instructed on the measure of damages. Instruction 4, offered by plaintiff, instructed the jury that if it found the issues for plaintiff it should assess his damages at such sum as it may find was the difference, if any, in the value of the carpet, free from spots and discoloration, before it was cleaned, and its value after it was cleaned, not to exceed $850. It is argued that the proper measure of damages in a suit on a breach of warranty, is the difference in value of the article as warranted at the time and place of sale and its actual value, and that it is plaintiff's burden to establish such value. Such is the general rule. Zumbrunn v. Royal Typewriter Co., Mo.App., 253 S.W. 59; Phelps Mfg. Co. v. Burgert, Mo.App., 115 S.W.2d 107. In this case, however, the values in question are the values of the carpet after three years' use by the plaintiff and before it was cleaned, and the value after the cleaning operations were completed. Obviously, had the value as of the time and place of sale been the basis of computation, the measure of damages would have made no allowance for the three years' use by the plaintiff, and the amount would have been materially increased. This would only have enlarged the liability of the defendants, of which defendant Yeghishian is in no position to complain. The point is not well taken.

Defendant Yeghishian's final point is that the court erred in not directing a verdict in his favor at the close of plaintiff's evidence for the reason that plaintiff failed to prove a breach of warranty, since an express warranty applies only to defects existing at the time of sale. Since defendant Yeghishian proceeded to introduce proof on the merits of his defense after his motion for a directed verdict was denied, he waived the error in the ruling complained of. Stephens v. Kansas City Gas Company, 354 Mo. 835, 191 S.W.2d 601, 607(12).

The first point made in the appeal by defendants Lawless and Carlson is that the court erred in denying their motion for a directed verdict at the close of plaintiff's evidence because of insufficient proof. Those defendants also introduced evidence on the merits of their defenses after their motion had been denied, and have, therefore, waived any error in such ruling. Stephens v. Kansas City Gas Company, supra. They further claim error in the denial of a similar motion at the close of all the evidence, and claim that no admissible case was made against them by the plaintiff. There was competent evidence and reasonable inferences therefrom that the color of the carpet was changed to purple during and by reason of the process of cleaning the carpet at the plant by Lawless and Carlson; that the solutions used were improper and negligently used, and we cannot say, as a matter of law, that according to the evidence, nothing was done by those defendants to cause or to contribute to the damages sustained.

The further point is made by defendants Lawless and Carlson that the petition alleges specific negligence on their part in that it states: "Defendants Lawless and Carlson negligently cleaned said carpeting with an improper substance and solution, and that the negligent acts of all defendants contributed to cause said damage to said carpeting". It is argued that because of such specific allegation, recovery cannot be had on the theory of res ipsa loquitur. Plaintiff agrees that the case against de-

fendants Lawless and Carlson was tried and submitted on the theory of res ipsa loquitur, but contends that the allegations quoted from his petition were not allegations of specific negligence, and denies that there was any proof of specific negligence. We think the allegation is general in character when it is stated defendants Lawless and Carlson took the carpet to their plant and cleaned it and the color changed to purple and that the defendants "negligently cleaned said carpeting with an improper substance and solution" which "contributed to cause said damage" to the carpet. It may reasonably be assumed that a carpet cleaner, when cleaning a carpet at his plant and seeking to remove brown spots in it, would use a substance or solution of some kind or character. The further allegation that such solution was "improper" and negligently used, adds only the element that the substance or solution so used was harmful to the carpet. As said in Cruce v. Gulf, Mobile & Ohio R. Co., 358 Mo. 589, 216 S.W.2d 78, 81: "We therefore hold that plaintiff made a case under the doctrine by introducing evidence which justified a finding, (a) that the occurrence causing his injury was such as does not ordinarily happen if due care is exercised; (b) that the instrumentality, in this case the coal chute, was under the control and management of the defendant; (c) that the defendant possessed superior knowledge or means of information as to the cause of the occurrence." See, also, McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641. It was said in the Cruce case, supra: "True, plaintiff testified that the cause of the pan falling was a breaking of the cable, however, for plaintiff to show why the cable broke would be difficult." So here, plaintiff pleaded that the color of the carpet was caused to change by the negligent use of improper solutions or substance in the process of cleaning; but to specify what the solution or substance was or how it was used was "difficult for plaintiff to show". The proof and the submission of the conduct complained of on the part of defendants Lawless and Carlson were general in nature and consistent with the theory of res ipsa loquitur. Bommer v. Stedelin, Mo. App., 237 S.W.2d 225, 228; Stokes v. Godefroy Mfg. Co., Mo., 85 S.W.2d 434.

Lastly, defendants Lawless and Carlson complain of error in the giving of plaintiff's Instruction 2. That instruction submitted the case on the hypothesis that neither the plaintiff nor the defendant Yeghishian contributed to cause the damage to the carpet, but told the jury that if it found that the change of color and the appearance of spots in the carpet were caused solely by the cleaning of it by defendants Lawless and Carlson, the verdict should be for the plaintiff and against the defendants Lawless and Carlson. The instruction did not require the jury to find that such conduct was negligence. They contend that the instruction submits a theory not pleaded and that it failed to submit any issue of negligence to the jury. We have held that the petition pleaded general negligence against these defendants, and that the case was tried and submitted against them on the theory of res ipsa loquitur. However, except in a case where a finding of facts would be equivalent to a finding of negligence, it is necessary to submit the issue of negligence even though the case may be in res ipsa loquitur. The instant instruction submitted facts which do no more than justify an inference of negligence, but would not compel such inference. Cruce v. Gulf, Mobile & Ohio R. Co., supra. As was quoted in that case, 358 Mo. at page 596, 216 S.W.2d at page 82: "'"Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict."'" Because of the failure of Instruction 2 in the instant case to submit the issue of negligence, we find it to be erroneous and prejudicial as to defendants Lawless and Carlson.

The judgment is reversed and the cause remanded with directions to the trial court to hold in abeyance the verdict as to both liability and amount of damages against defendant Yeghishian until the case is disposed of as to the liability of defendants Lawless and Carlson, consistent with this opinion, and then to reenter judgment for the amount of the verdict held in abeyance against the defendants held liable. McGraw v. Montgomery, 239 Mo. App. 239, 185 S.W.2d 309, 320.

All concur.