Lee ERVIN and Bonnie Ervin, Plaintiffs-Respondents,

v.

Clell D. COLEMAN, Defendant-Appellant.

No. 8949.

Springfield Court of Appeals,
Missouri.

April 20, 1970.

J. W. Grossenheider, Lebanon, for plaintiffs-respondents.

B. B. Turley, Routh & Turley, Rolla, for defendant-appellant.

TITUS, Presiding Judge.

As defendant drove his automobile westward on Commercial Street in Lebanon, Missouri, the night of June 1, 1968, it ran into the rear of plaintiffs' car which was parked on the north side of the thoroughfare. Defendant has appealed from the judgment that the Circuit Court of Laclede County entered on a verdict awarding plaintiffs actual automobile damages in the sum of $1,700 and punitive damages in the amount of $1,350.

Heedless of Civil Rules 55.06 and 55.12, V.A.M.R. (§§ 509.050 and 509.110, RSMo 1959, V.A.M.S.), plaintiffs' one-count petition confused and commingled averments of negligence and willful misconduct on the part of the defendant (Agee v. Herring, 221 Mo.App. 1022, 1024, 298 S.W. 250, 252) and prayed for the recovery of both actual and exemplary damages. Without moving to compel plaintiffs to elect which remedy they were pursuing against him [Eoff v. Senter, Mo.App., 317 S.W.2d 666, 670(2); Kearns v. Sparks, Mo.App., 260 S.W.2d 353, 358(5)] or pleading the matter of election as an affirmative defense [Boyd v. Margolin, Mo., 421 S.W.2d 761, 768(10)], the defendant, with a marked flare for portentous foreboding nevertheless, moved the trial court to strike from the petition all averments concerning intentional injury and punitive damages because "these allegations * * * would be inconsistent with the other allegations alleging negligence and any judgment awarded because of negligence of the Defendant would be inconsistent and incompatible with any judgment rendered because of the willful misconduct of the Defendant." The disposition made of this appeal renders it unnecessary for us to consider aloud (as defendant has done among the fourteen points in his brief) whether the trial court erred in overruling the motion to strike. Rather, we apply ourselves to defendant's various complaints against the charges given the jury on plaintiffs' behalf which, when cast by us into a common receptacle for brevity, congeal into a collective assertion that the instructions constituted a prejudicially erroneous commingling and confusion of two antithetical theories of tort law. Harzfeld's, Inc. v. Otis Elevator Co., W.D.Mo., 116

F.Supp. 512, 514; Willard v. Bethurem, Mo.App., 234 S.W.2d 18, 22(3).

Plaintiffs' verdict-directing Instruction No. 2 (MAI 17.02) charged the jury: "Your verdict must be for the plaintiffs if you believe: First, defendant either: (a) failed to keep a careful lookout, or (b) drove at an excessive speed, or (c) drove his vehicle into the rear of plaintiffs' parked automobile, and Second, defendant's conduct in any one or more of the respects submitted in paragraph 'First' was negligent, and Third, as a direct result of such negligence, plaintiffs sustained damage." Instruction No. 4 (MAI 4.01) told the jury that "If you find the issues in favor of the plaintiffs, then you must award the plaintiffs such sum as you believe will fairly and justly compensate the plaintiffs for any damages you believe they sustained as a direct result of the occurrence mentioned in the evidence." This was followed by Instruction No. 5 (MAI 10.01): "If you find the issues in favor of the plaintiffs and if you believe the conduct of the defendant as submitted in Instruction No. 2 was willful, wanton or malicious, then in addition to any damages to which you find plaintiffs entitled under Instruction No. 4, you may award plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter him and others from like conduct." The term "malicious" was defined by Instruction No. 6 in the words of MAI 16.01; no instruction defining "negligence" was given.

 Negligence, an unintentional injury generally predicated upon failure to employ a prescribed standard of care, is one kind of tort, whereas a willful, wanton or malicious injury is another kind of tort which denotes the intentional doing of an act in utter disregard of the consequences. Greene v. Morse, Mo.App., 375 S.W.2d 411, 417; Voss v. American Mutual Liability Insurance Co., Mo.App., 341 S.W.2d 270, 279(10–12). While claims of negligence and willfulness are "incompatible, and signify the opposites of each other" [Blunk v. Snider, 342 Mo. 26, 31, 111 S.W. 2d 163, 165(8)], they are not necessarily discordant, however, for a willful act may include elements of negligence albeit there are causes of action for wanton torts that do not in any way involve negligence. Nichols v. Bresnahan, 357 Mo. 1126, 1130–1131, 212 S.W.2d 570, 573; Carrow v. Terminal R. Ass'n of St. Louis, Mo.App., 267 S.W.2d 373, 377(2). Nonetheless, "there is a clear distinction between unintentional injury due to negligence, the failure to observe due care, and injury, actually or impliedly intentional, due to willful, wanton or reckless conduct." Cosentino v. Heffelfinger, 360 Mo. 535, 541, 229 S.W.2d 546, 550(3); Warner v. Southwestern Bell Telephone Company, Mo., 428 S.W.2d 596, 603(16). Depending upon the particular circumstances attending the casualty in question (65 C.J.S. Negligence § 9(3), p. 563), the tort defendant may have committed to cause plaintiffs harm was either (1) the tort of negligence or (2) the tort of willful, wanton or malicious misconduct, but it could not have been both at one and the same time [Cramer v. Springfield Traction Co., 112 Mo.App., 350, 358, 87 S.W. 24, 27; Boyd v. St. Louis Transit Co., 108 Mo.App. 303, 305(1), 83 S.W. 287 (1)], because the ultimate "proof of negligence necessarily disproves willfulness and vice versa." Agee v. Herring, supra, 298 S.W. at 252. Assuming arguendo that plaintiffs had properly pleaded these two theories alternatively (which they did not), had produced evidence supporting each (which we doubt), and were entitled thereby to have both theories submitted to the jury [Waechter v. St. Louis & M. R. R. Co., 113 Mo.App. 270, 278(2–4), 88 S.W. 147, 149(2–3)], it was still necessary and mandatory for the jury to be instructed in such a manner that it could distinguish between the torts and intelligibly determine under which particular theory defendant was liable. Cf. Lerner v. Yeghishian, Mo. App., 271 S.W.2d 588, 590–591(1).

■ Instructions are prejudicially erroneous that commingle inconsistent theories of recovery [Mahan v. Baile, 358 Mo. 625, 633, 216 S.W.2d 92, 96(7); Bain v. Missouri-Kansas-Texas R. Co., Mo.App., 141 S.W.2d 577, 583(5)], and when the instructions in this case are considered together, as they must be [Jefferson v. Biggar, Mo., 416 S.W.2d 933, 939(5)], we find an unfathomable confusion of two separate and distinct torts. With no guide as to the meaning of "Negligence," Instruction No. 2 charged the jury that "Your verdict must be for the plaintiffs if you believe * * * defendant's conduct * * * was negligent * * * and * * * as a direct result of such negligence, plaintiffs sustained damage." In almost the very next breath, the jury was granted license by Instruction No. 5 to award punitive damages if they found that defendant's conduct, previously classified as negligence, was "willful, wanton or malicious." These instructions are inherently defective not only because they gave the jury contradictory and conflicting rules which could have led to different results if one or the other was followed (53 Am.Jur., Trial, § 557, pp. 442–443), but also because they did, in fact, pilot the jury onto untenable shoals by forcing the contradictory conclusion that, through the exact same acts and conduct, defendant was guilty of two incompatible torts which disprove one another. Martin v. Yeoham, Mo.App., 419 S.W.2d 937, 945. The evident conflict in the trial court's presentation of the issue of negligence through Instruction No. 2 is that it cannot be reconciled or harmonized with Instruction No. 5 which permitted and invited a contemporaneous conflicting finding of intentional misconduct. Cf. Pearce v. Barham, 271 N.C. 285, 156 S.E.2d 290, 293(2); Tognazzini v. Freeman, 18 Cal.App. 468, 123 P. 540, 543(6); 88 C.J.S. Trial § 339, at p. 903.

■ Actual damages must be found as a predicate for punitary damages [Coonis v. Rogers, Mo., 429 S.W.2d 709, 716 (16)], but more importantly is the requirement that before exemplary damages may be awarded it is first necessary that there be a "finding that the actual damages were occasioned by wilful, wanton or malicious conduct." Tietjens v. General Motors Corporation, Mo., 418 S.W.2d 75, 88(14). Such a requirement is conspicuously and erroneously absent from the instructions in this case. Instructions numbered 2 and 4 directed the allowance of actual damages if the defendant was negligent, and although the granting of punitive damages was permitted by Instruction No. 5 if the defendant's acts were "willful, wanton or malicious," the jury was nowhere required to find that plaintiffs' actual damages resulted from intentional harm.

It is attested by Civil Rule 70.01(e), V.A.M.R., and "How To Use This Book" MAI 1969, pp. XLIX–L (pp. XXXI–XXXII MAI 1964), that situations will arise when no Missouri Approved Jury Instructions are applicable to or are available for use in a given cause. Turner v. Cowart, Mo., 450 S.W.2d 441, 445(10). This appears to be such a case in more ways than one.

For the reasons stated, we must reverse the judgment and remand the case for a new trial. Because the pleadings, issues and hopefully the instructions may be different upon retrial, it is not necessary that we discuss or determine the additional claims of error by now well known to counsel and the trial judge. Heberer v. Duncan, Mo. (banc), 449 S.W.2d 561, 565. It is, therefore, the order of this court that the judgment nisi is reversed and the cause is remanded to the circuit court from whence it came for a new trial.

STONE and HOGAN, JJ., concur.