Dean C. SHARP, Jr., et ux., Appellants,

v.

James I. ROBBERSON, Respondent.

No. 58036.

Supreme Court of Missouri,
En Banc.

June 11, 1973.

Arch M. Skelton by Theodore L. Johnson, III, Skelton & Forehand, attorneys for appellants.

Wear & Wear, William A. Wear, Springfield, attorneys for respondent.

BARDGETT, Justice.

After opinion of the Missouri Court of Appeals, Springfield District, and on application of plaintiffs-appellants, we transferred this cause to the Supreme Court and will determine the same as on original appeal. Mo.Const., Art. V, § 10, as amended 1970, V.A.M.S., Rule 83.09, V.A.M.R. The principal basis for the transfer was to consider and determine whether the opinion of the court of appeals, which followed its prior case of Ervin v. Coleman, 454 S.W. 2d 289 (Mo.App.1970), on a question pertaining to the submission of punitive damages, is in conflict with the decision of this court in Reel v. Consolidated Inv. Co., 236

S.W. 43 (Mo.1921) and other decisions following *Reel.*

The court has considered defendant-respondent's motion to dismiss the appeal and overrules the motion.

Plaintiffs-appellants, Dean C. Sharp and his wife Catherine, sued defendant-respondent, James I. Robberson, for actual and punitive damages. The jury returned a verdict in favor of plaintiffs for $1343 actual damages and $8100 punitive damages. The trial court overruled defendant's motion for new trial "provided plaintiffs make a remittitur of $8100 assessed as punitive damages within five days of August 6, 1971. Otherwise Defendant's motion for new trial, sustained on the ground that Instruction No. 8 submitted by the Plaintiff over Defendant's objection, was improperly given." Instruction No. 8 (MAI No. 10.-02) authorized the jury to award punitive damages.

Plaintiffs did not file the remittitur but took an appeal to the Missouri Court of Appeals, Springfield District (hereafter court of appeals).

The trial court gave the following instructions, among others, to the jury:

## "INSTRUCTION NO. 2

"Your verdict must be for Plaintiffs if you believe:

"FIRST, The east wall of Defendant's building was not reasonably safe from collapse upon an adjoining parking lot used by the public, and

"SECOND, Defendant knew or by using ordinary care should have known of the existence of this condition, and

"THIRD, Defendant failed to use ordinary care to remedy it, and

"FOURTH, as a direct result of such failure Plaintiffs were damaged unless you believe Plaintiffs are not entitled to recover by reason of Instruction No. 3."

## "INSTRUCTION NO. 8

"If you find the issues in favor of Plaintiffs, and if you believe the conduct of Defendant as submitted in Instruction No. 2 showed complete indifference to or conscious disregard for the safety of others, then in addition to any damages to which you may find Plaintiffs entitled under Instruction No. 7 you may award Plaintiffs an additional amount as punitive damages in such sum as you believe will serve to punish Defendant and to deter him and others from like conduct."

Instruction No. 2 is a modification of series 22 of Missouri Approved Instructions and no complaint is made concerning the form of the instruction. Instruction No. 8 is MAI No. 10.02 and there is no complaint concerning its form. Ervin v. Coleman, *supra,* was the authority under which the trial court held it had erred in giving instruction No. 8 and was the basis upon which the court of appeals upheld the trial court's action.

Defendant does not contend that there was not sufficient evidence to support instructions 2 or 8. The basic contention of defendant is purely one of law and is that the two theories, to wit, (1) ordinary negligence supporting actual damages, and (2) conduct showing complete indifference to or conscious disregard for the safety of others authorizing punitive damages, cannot be submitted in the same case as they constitute a prejudicially erroneous commingling and confusion of two antithetical theories of tort law. The principal authority cited in support of this contention is Ervin v. Coleman, *supra.*

Plaintiffs' position is that they are entitled to submit ordinary negligence as the basis for actual damages and also to submit the issue of punitive damages under this court's holding in Reel v. Consolidated Inv. Co., *supra.*

Put another way the issue here is: Assuming there is sufficient evidence to support a negligence submission and sufficient

evidence to support a finding that defendant's conduct "showed complete indifference to or conscious disregard for the safety of others," must plaintiffs elect which of the two theories to submit or may they submit and recover actual damages under the negligence submission and punitive damages under the punitive-damages submission?

Ervin v. Coleman, *supra,* involved an automobile collision in which defendant's car ran into the rear of plaintiff's car which was properly parked. Plaintiff Ervin recovered a judgment in a jury trial for both actual and punitive damages. Ervin submitted his case to the jury on ordinary negligence in (1) failing to keep a lookout or (2) excessive speed or (3) rear-end collision theory, using MAI No. 17.02. Ervin also submitted and the court gave MAI No. 10.01 which allowed punitive damages if the jury found the conduct of the defendant as submitted in instruction 2 "was willful, wanton or malicious." The court of appeals held that the two instructions were prejudicially erroneous as commingling inconsistent theories of recovery, that the two instructions submitted two separate and distinct torts, and that the two instructions forced the contradictory conclusions that through the exact same acts and conduct defendant was guilty of two incompatible torts which disprove one another. 454 S.W.2d at 292.

It appears to this court that the substance of the holding in *Ervin* is that a plaintiff cannot submit his case to the jury seeking recovery of actual damages on a theory of ordinary negligence and also submit to the jury the question of punitive damages and recover both actual and punitive damages. It is possible to distinguish *Ervin* from the instant case on the basis that in *Ervin* the punitive-damages instruction submitted the issue on the premise that defendant's conduct was "willful, wanton or malicious" (MAI No. 10.01), whereas here the punitive damages were submitted on the premise that defendant's conduct "showed complete indifference to or con-

scious disregard for the safety of others" (MAI No. 10.02) ; the distinction would be valid if the question were which of the two punitive-damages instructions should be given in this case.

While the court does not want to overstate the holding in *Ervin,* it appears that, in relying upon *Ervin* as the authority for holding the submission of punitive damages erroneous in the instant case, the trial court and the court of appeals had to be relying on that portion of the *Ervin* decision holding that the conduct of defendant, relied upon in the negligence instruction, cannot be utilized as the conduct upon which the jury awards punitive damages— this for the reason that the legal theory of negligence is so antithetical and repugnant to any theory upon which punitive damages could be based that the law prohibits the submission of and the recovery of damages under both theories in any given case.

At least we are certain that the foregoing is the proposition for which defendant cites *Ervin* because defendant in his brief stated, "The two theories cannot be reconciled. Plaintiffs' damages could only have been either the result of negligence or intentional acts, but not both."

In Reel v. Consolidated Inv. Co., *supra,* plaintiff was injured when two cables of defendant's elevator, in which plaintiff was a passenger, broke and the cab fell. Plaintiff sought recovery of actual damages in an instruction which submitted negligence in general terms—that defendant failed to exercise the highest practicable degree of care in the maintenance of the elevator, and as a direct result thereof the cables broke causing the elevator to fall and plaintiff to be injured. The instruction then set forth detailed findings with reference to the knowledge of defendant that for over a month prior to the accident the elevator was imminently dangerous unless the cables were renewed, etc., and that by reason thereof "defendant . . . was guilty of gross and wanton disregard of its duty toward plaintiff to exercise care for

his safety"; and upon those findings the instruction authorized a verdict for punitive damages.

In *Reel* plaintiff had a jury verdict for both actual and punitive damages and defendant appealed. Although the case was reversed and remanded for error in instruction No. 1, in that it assumed certain facts, the court held at 46 of 236 S.W.: "Appellant contends that neither the petition nor the evidence was sufficient to authorize an award of punitive damages. In order to justify the infliction of punitory damages for the commission of a tort, the act complained of must have been done wantonly or maliciously. Lampert v. Drug Co., 238 Mo. 409, 141 S.W. 1095, 37 L.R.A. (N.S.) 533, Ann.Cas.1913A, 351. Ordinarily such damages are not recoverable in actions for negligence, because negligence, a mere omission of the duty to exercise care, is the antithesis of willful or intentional conduct. Raming v. Railroad, 157 Mo. 477, 57 S.W. 268; Bindbeutal v. Railway, 43 Mo.App. 463. But an act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted. McNamara v. Transit Co., 182 Mo. 676, 81 S.W. 880, 66 L.R.A. 486; Railroad v. Arms, 91 U.S. 489, 23 L.Ed. 374. *Or, there may be conscious negligence tantamount to intentional wrongdoing, as where the person doing the act or failing to act must be conscious of his conduct, and, though having no specific intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury.* Louisville, etc., Railroad Co. v. Anchors, 114 Ala. 492, 22 So. 279, 62 Am. St.Rep. 116. In either case punitive damages are allowable for resulting injury." (Emphasis ours.)

The emphasized portion of the above holding has particular application to the case at bar and by its very terms authorized the submission of a punitive-damages instruction without a finding that defendant intended to injure plaintiff.

It is also significant that in *Reel* the court approved of plaintiff's recovery of actual damages on the basis of ordinary negligence and allowed the jury to award punitive damages upon a finding that defendant's conduct was a "gross and wanton disregard of its duty toward plaintiff."

Thus, *Reel* did not require that plaintiff's actual damages be premised on conduct which would authorize punitive damages. What *Reel* did allow was for a plaintiff to obtain his actual damages based upon a jury finding of ordinary negligence and, in addition thereto, if the evidence supported the submission, to allow the award of punitive damages. *Reel* did not require as a prerequisite to the award of actual damages that the jury find the actual damages were occasioned by that degree of fault necessary to the submission of punitive damages.

The law as set forth in *Reel* was applied in Eoff v. Senter, 317 S.W.2d 666 (Mo. App.1958). *Eoff* was a suit for damages resulting from plaintiff being struck by defendant's car. The court instructed the jury on a theory of primary negligence and authorized actual damages under that theory. The court also gave a punitive-damages instruction which set forth evidentiary facts, as was the required procedure prior to MAI, and allowed punitive damages on the premise of "reckless and wanton disregard for the welfare and safety of the plaintiff." The jury awarded both actual and punitive damages which verdict and judgment was affirmed on appeal.

The court of appeals, in addressing itself to the pleadings in *Eoff* said at 670: "While negligent acts and wanton acts are distinguishable, they are not necessarily repugnant. Evett v. Corbin, Mo.Sup., 305 S.W.2d 469; Cosentino v. Heffelfinger, 360 Mo. 535, 229 S.W.2d 546; Miller [Miller v. Harpster, 273 Mo. 605, 201 S.W. 854], Reel, Carrow [Carrow v. Terminal

R. Ass'n, Mo.App., 267 S.W.2d 373], supra."

In addressing itself to the submissions in *Eoff*, the court said at 671: "In the instant case the jury might properly have characterized defendant's act as negligent and yet awarded punitive damages on the ground that it manifested such reckless indifference to the rights of plaintiff that the law would imply that an injury resulting therefrom was intentionally inflicted, under the rulings in McKenzie v. Randolph, Mo.Sup., 257 S.W. 126, and Reel v. Consolidated Inv. Co., supra. In McClanahan v. St. Louis Public Service Co., 363 Mo. 500, 251 S.W.2d [704] loc. cit. 708, the Supreme Court indicated that 'Reckless conduct may involve and include negligence * * *.' The jury could have found both in this case."

If defendant's position were adopted in the instant case, it would mean that, where the evidence was sufficient to authorize a negligence submission and a punitive-damages submission based upon "complete indifference to or conscious disregard for the safety of others", the plaintiffs would have to either submit on negligence and forego the punitive damages in order to have the best opportunity to recover actual damages *or* submit on punitive damages and risk the award of actual damages on the contingency of the jury finding that defendant's conduct was so bad as to authorize punitive damages. Such is not the law in Missouri. Reel v. Consolidated Inv. Co., *supra*; Eoff v. Senter, *supra*.

At the time *Reel* and *Eoff* were decided, the instruction practice in Missouri required the submission of detailed evidentiary facts. Under that practice the punitive-damages instruction would have to set forth those detailed factual issues and require an affirmative finding on them in order for the jury to return an award under the instruction. Under Rule 70.01(a),

the practice of submitting detailed evidentiary facts was abolished. See also MAI 2d Ed. at XXIII et seq., "1963 Report to Missouri Supreme Court". Pursuant to this change, this court approved two punitive-damages instructions—MAI Nos. 10.01 and 10.02.

The Committee's Comment under MAI No. 10.02, MAI 2d Ed. at 76, recognizes the existing law with respect to punitive damages based on complete indifference to or conscious disregard for the rights of others to be: "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the others to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other, but also involves a high degree of probability that substantial harm will result to him."[1]

MAI No. 10.02 was proposed by the Committee and adopted by this court and is set forth above as instruction No. 8 in this case. The instruction does not detail the facts nor does it explicitly require a finding of those elements set forth above as the substantive Missouri law. The instruction ignores factual detail and subissues and submits only the ultimate issue to the jury, to wit, whether defendant's conduct "showed complete indifference to or conscious disregard for the safety of others."

But defendant argues it was error to permit the jury to merely utilize the conduct set forth in instruction No. 2 (the negligence instruction) as the basic conduct upon which the jury could award punitive damages. Defendant does not contend instruction No. 2 did not properly submit the negligence issue to the jury. Again, were this court to sustain defendant's contention, the result would be that plaintiffs would have to predicate actual

---

1. Quotation from the case of Nichols v. Bresnahan, 357 Mo. 1126, 212 S.W.2d 570, 573 (1948), which cites with ap-   proval Restatement (Second) of Torts at 1294.

damages on a punitive damage criterion by requiring findings in the negligence instruction of facts upon which punitive damages would be authorized thereby risking the recovery of actual damages on the contingency of the jury finding defendant's conduct was so bad as to justify punitive damages *or* by violating the directions of this court on the required use of MAI by changing MAI No. 10.02 so as to include all of the detailed evidentiary facts and subissues before reaching the ultimate issue, to wit, whether defendant's conduct "showed complete indifference to or conscious disregard for the safety of others".

█ The answer is that plaintiffs had a right to recover actual damages on the submitted negligence theory and had the right to submit punitive damages if the evidence supported the submission under the substantive law, *Reel* and *Eoff,* supra, but as to the form of the punitive-damages instruction, plaintiffs were required to use the applicable Missouri Approved Instruction. Rule 70.01(b).

This opinion is not to be construed as relaxing the criteria for the award of punitive damages which were required by the substantive law of Missouri prior to this case, and a punitive-damages instruction must not be given unless the evidence in the case supports punitive damages under the existing substantive law.

█ The court has noted above a distinction that could be made between the case at bar and Ervin v. Coleman, *supra.* In the instant case, the court of appeals held that the submissions contained in instruction No. 2 (negligence) and instruction No. 8 (punitive damages under MAI No. 10.02) were inconsistent, contradictory, and repugnant theories under the holding in Ervin v. Coleman, *supra.* It is clear that *Ervin* is being interpreted to hold as a matter of law that a party cannot in the same case recover actual damages predicated an ordinary negligence and punitive damages predicated on defendant's com-

plete indifference to or conscious disregard for the safety of others. To the extent that Ervin v. Coleman, *supra,* so holds, it is overruled. Reel v. Consolidated Inv. Co., *supra.*

The trial court did not err in submitting both a negligence and a punitive-damages instruction. The order of the circuit court sustaining defendant's motion for new trial is reversed and the cause is remanded to the circuit court with directions to reinstate the jury verdict and to enter judgment thereon as of the date of said verdict.

All of the Judges concur.