425 F.Supp. 827 (1977)
BLUE RIDGE INSURANCE COMPANY, a corporation, Plaintiff,
v.
Samuel NICHOLAS et al., Defendants.
No. 76-396C(1).
United States District Court, E. D. Missouri, E. D.
February 1, 1977.
*828 Jerome M. McLaughlin, Willson, Cunningham & McClellan, St. Louis, Mo., for plaintiff.
Paul F. Niedner, Niedner, Moerschel, Ahlheim & Bodeux, St. Charles, Mo., George E. Sullivan, O'Fallon, Mo., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
MEREDITH, Chief Judge.
This matter was tried to the Court. The Court has been duly advised by stipulation of facts, exhibits, and briefs.

Findings of Fact
1. Plaintiff is a Maryland corporation, with its principal place of business in Dallas, Texas.
2. Defendants are citizens and residents of St. Charles County, Missouri. The amount in controversy exceeds $10,000, exclusive of interest and costs. This Court has jurisdiction by virtue of 28 U.S.C. § 1332. This is an action by plaintiff under 28 U.S.C. § 2201, seeking a declaration of its rights and obligations under a policy of insurance issued by the plaintiff to the defendant, Samuel Nicholas, and Delores R. Nicholas.
3. The pertinent provisions of the policy are as follows:

"Section II

Coverages
"Coverage E  Personal Liability
This Company agrees to pay on behalf of the the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. . . .
"Coverage F  Medical Payments to Others
This Company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is:
. . . . .
2. elsewhere, if such bodily injury
. . . . .
b. is caused by the activities of any Insured,
. . . . .
"Exclusions
This policy does not apply:
1. Under Coverage E  Personal Liability and Coverage F  Medical Payments to Others:
. . . . .
f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured.
"Additional Definitions
The following definitions apply to coverage afforded under Section II of this policy.
1. `bodily injury': means bodily injury, sickness or disease, including care, loss of services and death resulting therefrom.
2. `medical expenses': means expenses for necessary medical, surgical, x-ray, dental services, including prosthetic devices, ambulance, hospital, professional nursing and funeral services.
. . . . .

*829 5. `occurrence': means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage."
4. Defendant Donald Nicholas is the eighteen-year-old son of defendant Samuel Nicholas and at the time of the occurrence in question resided with Samuel Nicholas at the premises described in said policy. With respect to Section II of the policy, defendant Donald Nicholas is an insured under the policy, and, as such, is entitled to the same benefits and subject to the same exclusions as the named insured.
5. Defendant Donald Nicholas and his friend, Larry Snarr, age seventeen, attended a New Year's Eve party at the home of Debra Delong, at 505 E. Allen, Wentzville, Missouri, on December 31, 1975. Mrs. Delong is the divorced sister of defendant David Theerman, who is the seventeen-year-old son of defendants William Theerman and Jacquelyn Theerman.
6. During the course of the evening, Larry Snarr became involved in an argument with one, Marion Burton, and, at approximately 12:30 a.m., on January 1, 1976, Burton and Snarr went outside of the Delong residence to fight, accompanied by defendant Donald Nicholas and defendant David Theerman.
7. During the course of the fight, Larry Snarr was either knocked or fell to the ground and suffered a bloody nose. Defendant Donald Nicholas attempted to intervene in the fight on behalf of his friend, Larry Snarr, but was prevented from doing so by defendant David Theerman.
8. Larry Snarr and Donald Nicholas left the party and Donald Nicholas told David Theerman he would be back with a gun. Donald Nicholas and Larry Snarr walked to the Snarr house several blocks away and Snarr went inside while Donald Nicholas waited outside by a window to Larry Snarr's bedroom. Snarr handed a shotgun and .22 caliber rifle out the window to Donald Nicholas and after picking up some ammunition for both weapons, joined Donald Nicholas outside.
9. As they walked to the party, Donald Nicholas put a shell into the chamber of the shotgun. Donald Nicholas was familiar with the operation of this gun and had used it on prior occasions. He was aware that the safety mechanism did not function properly.
10. When they arrived at the Delong house, Donald Nicholas knocked on the door. David Theerman appeared at the door and Donald Nicholas pointed the shotgun directly at David Theerman's chest, approximately one foot away. David Theerman reached out with his hand and grabbed the barrel of the weapon. A scuffle ensued during the course of which the weapon was discharged into the hand of David Theerman.
11. Larry Snarr then fired his .22 rifle into the air and both Snarr and Donald Nicholas ran off into a field.
12. Later that morning, Larry Snarr and Donald Nicholas turned themselves in to the Wentzville Police Station, where they, and other witnesses, were interviewed by Detective Sgt. William Dunn, who investigated the occurrence and prepared the Wentzville Police Department report regarding same.
13. On March 31, 1976, David Theerman, acting through his next friend and father, William Theerman, filed a lawsuit against Donald Nicholas in the Circuit Court of St. Charles County, Missouri-Cause No. 16229, seeking to recover the sum of $150,000 by reason of the injuries sustained as a result of the above-referenced shooting. The St. Charles County suit alleges that the gun was discharged as a result of negligence.
14. At the time Donald Nicholas pointed the 16 gauge shotgun at David Theerman, he told Theerman he was going to shoot him. After Theerman was shot, Donald Nicholas and Larry Snarr fled from the scene and other people in the house took David Theerman to the hospital.
*830 15. It is the opinion of the Court, based on all the facts and circumstances, that at the time Donald Nicholas pointed the gun at David Theerman and when the gun was discharged, Donald Nicholas intended to do bodily harm to David Theerman.

Conclusions of Law
1. Under the exclusion clauses of the policy, bodily injury which was intended to be inflicted by the insured on another is not covered by the policy. N.W. Electric Power Coop. v. American Motorists Ins. Co., 451 S.W.2d 356 (Mo.App.1969); Ervin v. Coleman, 454 S.W.2d 289 (Mo.App.1970); Martin v. Yeoham, 419 S.W.2d 937 (Mo.App. 1967); Farmers Alliance Mutual Ins. Co. v. Reed, 530 S.W.2d 470 (Mo.App.1975); Pendergraft v. Commercial Standard Fire & Marine Co., 342 F.2d 427 (10th Cir. 1965).
2. The plaintiff in this action is not liable under its policy by reason of the personal injuries sustained by defendant David W. Theerman or any of his medical or other expenses incurred in connection with his injury or with the suit which he and his father filed in the state court against Donald Nicholas, cause No. 16229, St. Charles County, Missouri.
3. Plaintiff is not obligated under its insurance policy to defend the lawsuit now pending in St. Charles County Circuit Court or any other lawsuit which might be brought by defendants David W. Theerman and William Theerman against defendants Donald Nicholas and Samuel Nicholas.
4. Costs are assessed against the defendants.