KURT S. ODENWALD, Judge, concurring.
I concur with the majority opinion but write separately to comment on the claim of instructional error raised in this appeal.
Appellants argue that the punitive damages instruction given by the trial court was erroneous because the instruction conflicts with the mandate of Section 538.210.6, RSMo, that a jury must find that a health care provider demonstrated "willful, wanton or malicious misconduct" in order to award punitive damages. The punitive damages instruction submitted by the trial court contained unmodified language of MAI 10.07, which allowed the jury to award punitive damages against the Appellants if the jury found the evidence proved their "complete indifference to or conscious disregard for the safety of others." Appellants argue that the submitted instruction allowed the jury to award punitive damages based upon a lesser standard than a finding of "willful, wanton, or malicious" misconduct as required by Section 538.210.6.
Appellants make a compelling argument that under the express language and clear legislative dictate of Section 538.210.6, a health care provider must engage in willful, wanton or malicious conduct in order to be liable for an award of punitive damages. I agree that the common understanding of the words "willful, wanton or malicious" mean something different than "complete indifference to or conscious disregard for the safety of others." Accordingly, the Appellants' reasoning and argument is logical and deserving *776 of our consideration. It is not disputed that the legislature amended existing statutes to specifically address the liability of health care providers for punitive damages. Section 538.210.6 expressly reads that an award of punitive damages against a health care provider "shall be made only upon a showing by a plaintiff that the health care provider demonstrated willful, wanton or malicious misconduct with respect to his actions which are found to have injured or caused or contributed to cause the damages claimed in the petition." § 538.210.6. Moreover, the legislature reaffirmed this requirement by amending the statutory definition of "punitive damages," to mean "damages intended to punish or deter willful, wanton or malicious misconduct." § 538.205(11), RSMo.
The legislative amendments embodied in Sections 538.205 and 538.210, and enacted as part of the Malpractice Reform Act of 1986, changed the law as to punitive damages in claims against health care providers, The amendments seemingly heightened the standard for awarding punitive damages against health care providers from the general standard for the award of punitive damages reflected in MAI 10.07 ("complete indifference to or conscious disregard for the safety of others") developed in Missouri cases between 1973 and 1985. See Sharp v. Robberson, 495 S.W.2d 394 (Mo. banc 1973) ; Hoover's Dairy, Inc. v. Mid-Am. Dairymen, Inc., 700 S.W.2d 426, 435 (Mo. banc 1985). Appellants argue that to ignore the plain language of the legislative amendments renders the legislative acts meaningless and useless.
When the General Assembly amends a statute, we must presume that its intent was to effect some change in the existing law. The [l]egislature is presumed to have acted with a full awareness and complete knowledge of the present state of the law, including judicial and legislative precedent. We, therefore, should never construe a statute in a manner that would moot the legislative changes, because the legislature is never presumed to have committed a useless act. To amend a statute and accomplish nothing from the amendment would be a meaningless act.
State ex rel. Pub. Counsel v. Pub. Serv. Comm'n, 259 S.W.3d 23, 31 (Mo. App. W.D. 2008) (citations and internal quotations omitted).
As the majority opinion states, case law pre-dating 1986 firmly held that a finding of "reckless indifference" or "conscious negligence tantamount to intentional wrongdoing" supported an award of punitive damages, and was appropriately included in the MAI instruction for punitive damages. And as the majority further notes, there are very few reported cases addressing the issue of punitive damages against healthcare providers following the legislative enactments of 1986. Dodson v. Ferrara, 491 S.W.3d 542 (Mo. banc 2016) is one such case. But as the majority advises, Dodson did not address the jury instruction issue before us, and instead considered the trial court's grant of a directed verdict for the defendant on the issue of punitive damages. The parties acknowledge that, in its analysis, the Dodson court interchangeably used the terms "willful, wanton or malicious" and "complete indifference to or conscious disregard for the safety of others." Appellants argue that this portion of the Dodson opinion is dicta, which is neither binding nor instructive to our consideration of the alleged instructional error before us. While Appellants' argument merits consideration, the majority correctly observes that the language and discussion presented by the Supreme Court in Dodson far exceeded what one might characterize as mere dicta. As stated by the majority:
*777 [B]y relying entirely on the "complete indifference and conscious disregard" language in that analysis, the Court indicated that it is an accurate statement of the substantive law. Because use of that language was an integral part of the Court's holding, it not dicta; rather, it is precedential support for our conclusion that conduct that is completely indifferent to or in conscious disregard for the safety or rights of others is the legal equivalent of conduct that is willful, wanton and malicious for purposes of punitive damages.
I am not persuaded that the Dodson court fully considered the impact of its decision in relation to allegations of instructional error in light of the legislative enactments in 1986. Indeed the disjunctive form used by the Supreme Court in Warner v. Sw. Bell Tel. Co., 428 S.W.2d 596 (Mo. 1968) when characterizing conduct that supports the award of punitive damages, suggests separate forms of conduct, each of which independently could support the award of such damages. In Warner, the Supreme Court stated that "[t]he acts of a defendant which justify the imposition of punitive damages are those which are willful, wanton, malicious or so reckless as to be in utter disregard of the consequences." Id. at 603 (emphasis added). Appellants reasonably argue that by enacting the Malpractice Reform Act of 1986, the legislature limited the award of punitive damages to "willful, wanton and malicious" conduct and expressly rejected the prior common law principles, as evidenced by the holding in Warner, that "reckless" conduct could also provide a basis to award punitive damages.
I agree with the majority that Dodson mandates our holding that the trial court did not err in submitting a punitive damage instruction premised upon the parties' conduct showing a "complete indifference and conscious disregard to the safety of others." However, it is well settled that MAI and its Notes on Use are not binding to the extent they conflict with the substantive law. "Procedural rules adopted by MAI cannot change the substantive law and must therefore be interpreted in the light of existing statutory and case law." State v. Carson, 941 S.W.2d 518, 520 (Mo. banc 1997) ; see also State v. Celis-Garcia, 344 S.W.3d 150, 158 (Mo. banc 2011). The apparent strain between the Dodson court's analysis and clear language of Sections 538,205 and 538.210 suggests that this instructional issue merits further review by the Supreme Court.